Henry MOSHAY, III, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00118–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1992.

Mike DeGeurin, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Henry Moshay, III was indicted for the felony offense of possession of cocaine, a controlled substance, weighing more than 28 grams and less than 400 grams by aggregate weight. He filed a pre-trial motion to suppress all evidence seized as the result of an alleged unlawful search and seizure of his vehicle. After a hearing, the trial judge denied appellant's motion. Appellant then pled nolo contendere to the charge pursuant to a plea bargain agreement. The trial court found appellant guilty, and assessed punishment at the recommended level of five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $1,000. Appellant filed a written notice of appeal. In two points of error, appellant alleges the trial court erred in denying his motion to suppress. We affirm.

In order for appellant to appeal the trial court's denial of his motion to suppress evidence, his notice of appeal must comply with TEX.R.APP.P. 40(b)(1). *See Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App. 1990) (en banc). Rule 40(b)(1) states that where an appellant's:

> judgment was rendered upon *his plea of* guilty or *nolo contendere* pursuant to Article 1.15, Code of Criminal Procedure, *and the punishment assessed does not exceed the punishment recommended* by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to entry of the plea *the notice* shall state that the trial court granted permission to appeal or *shall specify that those matters were raised by written motion and were ruled on before trial.*

TEX.R.APP.P. 40(b)(1). In the instant case, appellant's notice of appeal should have conformed "to the requirements of the statute and includ[ed] ... what the grounds of appeal are," i.e. that the motion to suppress was raised by written motion and was ruled on before trial. *See id.; Jones*, 796 S.W.2d at 186. Instead, his notice of appeal stated only that appellant wanted to appeal his conviction. Thus, appellant's notice of appeal did not comply with the rule, and is not sufficient to preserve for appellate review such non-jurisdictional defects as the denial of his pre-trial motion. *Jones*, 796 S.W.2d at 186.

We recognize that the Court of Criminal Appeals has recently held that, under cer-

tain facts, substantial compliance with rule 40(b)(1) can permit appellate review. *See Riley v. State*, 825 S.W.2d 699 (Tex.Crim. App.1992). In *Riley*, the appellant filed a written notice of appeal stating only that she wanted to appeal. On appeal, however, she complained of the denial of her pre-trial motion to suppress evidence. The distinguishing fact in the *Riley* case, was that the record contained an order limiting her appeal. The order recited "that appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to Article 44.02, V.A.C.C.P., and that a motion to suppress challenging the legality of the arrest and subsequent search was raised before the trial." *Id.* 825 S.W.2d at 701. The court held that Riley's notice of appeal coupled with the trial court's order containing all the information required by the rule substantially complied with rule 40(b)(1), and permitted review of the denial of her motion. *Id.*

In this case, there is no such order in the record. Further, there is no other document in the record containing the information required by rule 40(b)(1), such that substantial compliance could be found. Therefore, appellant cannot raise on appeal the denial of his motion to suppress evidence.

The judgment of the trial court is affirmed.