**Julio MORENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00820–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1993.

Polland & Cook, Gary M. Polland, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUGGAN, HUTSON–DUNN, MIRABAL, O'CONNOR, WILSON and HEDGES, JJ.

**OPINION**

HUTSON–DUNN, Justice.

We withdraw our previous opinion of August 5, 1993, and issue this opinion in its stead. We deny appellant's motion for rehearing and affirm the judgment.

Appellant, Julio Moreno, was charged with the felony offense of possession of a controlled substance, and, in two enhancement paragraphs, was alleged to have previously committed the offenses of aggravated robbery and carrying a handgun while on a premises licensed to sell and serve alcoholic beverages. Appellant moved to suppress certain evidence, and the trial court denied his motion.

Appellant then pled guilty to the offense and true to the allegations in the enhancement paragraphs. The court found appellant guilty and found the allegations in the enhancement paragraphs true. The court assessed appellant's punishment at confinement for 25 years.

The adequacy of appellant's notice of appeal of the court's denial of his motion to

suppress is the dispositive issue in his appeal. We affirm.

■ Appellant, in two points of error, contends that the trial court erred in denying his motion to suppress. The State argues that appellant failed to preserve error. We agree with the State.

Texas Rule of Appellate Procedure 40(b)(1) states in relevant part that:

[I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

TEX.R.APP.P. 40(b)(1) (emphasis added).

Here, judgment was rendered upon appellant's plea of guilty pursuant to article 1.15. *See* TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1993). The punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. The alleged error of which appellant complains is nonjurisdictional and occurred prior to the entry of his plea. For these reasons, appellant's notice of appeal was required to meet the dictates of rule 40(b)(1).

Appellant's notice of appeal includes the trial court cause number, the style of the case, and the trial court number and county. It is entitled "Written Notice of Appeal." It is signed by appellant and his attorney, and includes his attorney's address, telephone number, and State Bar number. It recites the amount of appellant's appeal bond ("no bond") and the date on which the bond was set. The signature of the judge appears below the recitation of bond.

The substantive content of appellant's notice of appeal is as follows:

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW THE DEFENDANT, Julio Moreno, on this the 4th day of August, A.D. 1992, and within thirty days of sentence having been pronounced in the above numbered and styled cause, and excepting to the ruling of the court, filed this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1).

WHEREFORE, premises considered, Defendant prays this written notice of appeal be entered of record this date.

THE DEFENDANT further requests that the Court set an appeal bond.

The notice does not state that the trial court granted permission to appeal or specify that the motion to suppress[1] was raised by written motion and ruled on before trial.

■ The language of rule 40(b)(1) is "unequivocally mandatory." *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). In *Moshay v. State,* 828 S.W.2d 178 (Tex.App.—Houston [14th Dist.] 1992, no pet.), the Fourteenth Court of Appeals considered this same issue. There, like here, the notice of appeal conveyed that the defendant wanted to appeal his conviction, but did not state that the trial court had granted him permission to appeal or specify that his motion to suppress was raised by written motion and was ruled on before trial. *Id.* The defendant brought two points of error attacking the trial court's denial of his motion to suppress. *Id.* The court refused to consider the defendant's points of error, holding that his "notice of appeal did not comply with the rule [40(b)(1)], and is not sufficient to preserve for appellate review such non-jurisdictional defects as the denial of his pretrial motion." *Id.*

We agree with the result in *Moshay.* Pursuant to rule 40(b)(1), that result must occur

---

1. The motion to suppress constitutes appellant's grounds for appeal, and "what the grounds of

appeal are" is what the rule refers to by the

here, as well.[2]

We overrule appellant's points of error and affirm the judgment of the trial court.

OLIVER–PARROTT, C.J., concurs in an opinion in which MIRABAL, WILSON and HEDGES, JJ., join.

DUGGAN, J., concurs.

COHEN, J., dissents.

**OLIVER–PARROTT, Justice, concurring.**

I join the decision to affirm the judgment. I withdraw my previous opinion of August 5, 1993, and issue this one in its stead solely to reflect that I also join the decision to overrule appellant's motion for rehearing.

I believe this case is controlled by *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App. 1990). *Jones* requires us to follow the mandatory requirements of TEX.R.APP.P. 40(b)(1).

Nevertheless, I agree with Justice Cohen that rule 40(b)(1) serves no useful purpose, and for the reasons stated in his dissenting opinion, I also believe the Court of Criminal Appeals should abolish the requirement in rule 40(b)(1) that a notice of appeal state that the trial court granted permission to appeal or specify "that those matters were raised by written motion and ruled on before trial."

With these comments, I join the decision to affirm.

MIRABAL, WILSON and HEDGES, JJ., join this opinion.

**DUGGAN, Justice, concurring.**

I join the decision to affirm. I withdraw my previous opinion of August 5, 1993, and issue this one in its stead solely to reflect that I also join the decision to overrule appellant's motion for rehearing.

I reluctantly agree that *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990), not *Miles v. State,* 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989), governs the disposition of this appeal. The harsh result is the denial of an appeal the appellant sought for a valid reason under rule 40(b)(1): review of a matter "raised by written motion and ruled on before trial." No one disputes that Mr. Moreno and his trial attorney sought to appeal an adverse ruling on a pretrial motion to suppress evidence.

Justice Cohen correctly points out in his dissenting opinion that: (1) *Jones* was *decided* more recently than *Miles,* although *Miles* was *reported* more recently; and (2) *Jones* does not "distinguish, overrule, or mention the *Miles* opinion." I disagree with his conclusion that we are therefore free to ignore the more recent *Jones* and follow the earlier *Miles.* I believe that when our Court of Criminal Appeals speaks twice on the identical subject, we are bound by that court's most recent pronouncement, even when it ignores that body's last previous—and conflicting—treatment of the same topic.

I also disagree with Justice Cohen's observation that there is "no purpose whatsoever" in TEX.R.APP.P. 40(b)(1)'s requirement that the notice of appeal either state that the trial

words "those matters." *See Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990).

**2.** We are cognizant of *Riley v. State,* 825 S.W.2d 699 (Tex.Crim.App.1992), where the Court of Criminal Appeals wrote:

> We hold that, under the facts of this case, when all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely filed notice of appeal, the Court of Appeals has jurisdiction to address ... non-jurisdictional defects recited in the order.

Appellant's notice of appeal coupled with the court's order substantially complied with Rule 40(b)(1) to permit review of properly preserved non-jurisdictional issues. The Court of Ap-

peals did not err in reviewing the trial court's denial of appellant's pre-trial motion to suppress.

*Id.* at 701. The order to which the court referred was entitled "Order Limiting Defendant's Appeal," and recited that "the trial court allowed appeal pursuant to Article 44.02, V.A.C.C.P., and that a motion to suppress challenging the legality of the arrest and subsequent search was raised before trial." *Id.*

As in *Moshay,* 828 S.W.2d at 179, there is no such order, or anything equivalent to it, here. Thus, unlike in *Riley,* but like in *Moshay,* there is nothing in the record that performs the function of a notice of appeal. The *Moshay* court found *Riley* distinguishable and inapplicable on this ground. *Id.* We agree, and thus find *Riley* distinguishable and inapplicable here, as well.

judge granted permission to appeal or list the motions raised and ruled on before trial. I believe the rule is intended for a laudable purpose: to provide the appellate court with a concise statement of the basis on which appellate jurisdiction is invoked.

In fact, the defect in Mr. Moreno's notice of appeal was not brought to our attention until the State filed its motion to dismiss the appeal more than seven months after the notice. This was after the trial court appointed an attorney to represent the indigent defendant, after a statement of facts was prepared by the court reporter and filed, and after the appellant's brief was researched, prepared, and filed, all at public expense. Such a delay would surely be the basis for a finding of waiver of the defect or laches in its assertion, but for the fact that the defect in the notice is jurisdictionally fatal under *Jones*.

In keeping with the spirit of Texas Supreme Court decisions (cited by Justice Cohen) allowing defects in pleading to be corrected by amendment before imposing the "death penalty" of dismissal, I join others on this Court in urging the Court of Criminal Appeals to revisit *Jones* and permit reasonable out-of-time amendment of the notice of appeal under TEX.R.APP.P. 83.

COHEN, Justice, dissenting.

I dissent from the decision to affirm the judgment. I withdraw my previous opinion of August 5, 1993, and issue this one in its stead solely to reflect that I also dissent from the decision to deny appellant's motion for rehearing.

The Court holds that Moreno waived everything by failing to state in his notice of appeal that the trial judge granted permission to appeal or to specify the matters raised by written motion and ruled on before trial. It does so even though the record before us undisputedly shows that appellant raised by written motion the very points he wishes to raise by appeal and the trial judge overruled the motions before trial; however, it is also undisputed that although appellant *did* what was necessary to appeal, he failed to *write down* on his notice of appeal that he did so, as required by TEX.R.APP.P. 41(b)(1).

The Court relies on *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990), which held that compliance with this requirement of TEX.R.APP.P. 40(b)(1) is mandatory. However, the opposite conclusion was reached in *Miles v. State*, 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989). I think *Miles* was right, and *Jones* was wrong.

In *Miles*, the court held the defendant complied with rule 40(b)(1), even though he filed no notice of appeal at all. The court wrote:

> The record in this cause reflects appellant filled an appeal bond with the trial court on April 6, 1989. The bond is in writing and shows the desire of appellant to appeal from the judgment of the trial court. We find the bond is sufficient to constitute a notice of appeal under TEX.R.APP.P. 40(b)(1).

842 S.W.2d at 279 n. 1. This is the opposite of the holding in *Jones*, and I believe it is not reconcilable with *Jones*. Because *Miles* is the better rule, I would follow it rather than *Jones*, hold that this notice of appeal is sufficient, and rule on the merits of the appeal.

The *Miles* case has an unusual history. The *Miles* opinion on rehearing at 842 S.W.2d 278 is dated November 22, 1989, ten months *before Jones*, but it is reported 46 volumes later in the Southwestern Reporter. The original Court of Criminal Appeals opinion in *Miles* (which was withdrawn at 842 S.W.2d 278) is reported at 780 S.W.2d 215 and bears two dates: "September 20, 1989. On Rehearing November 22, 1989." Thus, *Jones* is the more recent decision, even though *Miles* is more recently reported. The *Jones* opinion, however, does not distinguish, overrule, or mention the *Miles* opinion. Under the circumstances, I think we are free to follow *Miles*.

The requirement of stating in the notice of appeal that the judge granted permission to appeal or listing the motions raised and ruled on before trial has no purpose whatsoever. It is truly a rule without a reason. Its only function is to take away a person's right of appeal. It should be avoided if that can be done in a principled fashion. Based on *Miles*, it can be done in a principled fashion.

But even if it is avoided in this case, the requirement should still be repealed because it is useless and harmful. Nobody, no court and no party, does anything differently because of what is or is not included in the notice of appeal. In the almost seven years since the requirement was enacted, I have never seen the presence or absence of this information on a notice of appeal used for any purpose, except to dismiss an appeal.

The chronological history of this case shows how useless it is to require a defendant to write down on his notice of appeal the same facts that are undeniably shown in the record. Appellant filed his defective notice of appeal August 6, 1992. The State did not point out the defect until March 25, 1993, when it filed its brief. Thus, no "screening" function was served by weeding out this case early in the appellate process due to a defective notice. As normally happens, the defect was not noticed until after the statement of facts, the transcript, and the briefs were filed, and the consequent delay and expense had been incurred. Moreover, cases like this should not be screened out. Why deny the appeal when everybody agrees appellant did what rule 40(b)(1) requires (getting his written pretrial motions overruled)? If the *record* shows that, the appeal should not be denied just because the *notice of appeal* does not also show it. Once should be enough. Why should a silent notice of appeal be given more credence than an undisputed record that speaks the truth? At the least, we should give appellant a chance to amend his notice, pursuant to TEX.R.APP.P. 83, so that it meets the requirements. That is how the Texas Supreme Court has treated similar defects in civil cases; see below. Unfortunately, the Court of Criminal Appeals has held, by a 5–4 vote, that rule 83 cannot be

used to cure this defect.[1] *Jones,* 796 S.W.2d at 187.

Does it make sense to render the "death penalty" sanction on appeal—waiver of everything—for failing to do something that nobody cares about at all? Not to me. The Texas Supreme Court has gone 180 degrees in the opposite direction in deciding similar issues. *See Grande Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) (court of appeals may not dismiss a civil appeal for failure to comply with rule 40 without giving appellant opportunity to correct the error, citing TEX. R.APP.P. 83); *Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300 (Tex. 1987) (failure to follow TEX.R.APP.P. 74 cannot be grounds for waiving all points of error unless appellant has been given opportunity to correct the defects, citing TEX.R.APP.P. 83); *see also TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1992) (sanction must be reasonable and not excessive compared to the misconduct that occurred). The United States Supreme Court has held that an attorney's failure to comply with a similar state procedure rule constitutes ineffective assistance of counsel if it results in loss of the right to appeal. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). That is what the Amarillo Court of Appeals held in *Miles,* 781 S.W.2d 608, 609 (Tex.App.—Amarillo 1989). That is what this Court held in *Jiles v. State,* 751 S.W.2d 620, 622 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), and in *Boulos v. State,* 775 S.W.2d 8, 9 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

I am not reluctant to enforce a reasonable rule, even when the result is harsh,[2] but Moreno is losing his right to appellate review for failing to follow a rule that has no purpose. We should not tolerate that. At the

---

1. That is particularly unfortunate because the form notice of appeal in this case was prepared and furnished by the Harris County District Clerk for use by attorneys in the courtroom. It contains no place for an attorney to write in that the judge allowed the appeal or overruled the motions. Certainly, it is not the job of the district clerk or the judge to represent the appellant or to practice law by drafting necessary forms. But neither should the court's own personnel

create stumbling blocks by offering, and thereby encouraging the use of, defective forms.

2. *See Henry S. Miller Mgmt. Corp. v. Houston State Assocs.,* 792 S.W.2d 128 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The result here is harsher than in *Miller,* where the appellant obtained appellate review of 10 points of error. Here, Moreno has lost his right of review on all points of error.

very least, we should not tolerate it quietly.[3]

I respectfully dissent and urge that the Court of Criminal Appeals repeal the portion of rule 40(b)(1) requiring appellants to state in the notice of appeal that the judge granted permission to appeal or list the written motions that were raised and ruled on before trial.

---

**3.** Moreno may get appellate review in this case, just as the defendant did in *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). In *Shute*, the court held as it did in *Jones*—no review. That holding delayed Mr. Shute's right to appeal "until some future court grants the relief inevitably required by *Evitts v. Lucey*." *Jiles*, 751 S.W.2d at 622. Shute got post-conviction habeas corpus relief under TEX.CODE CRIM.P.ANN. art. 11.07 (Vernon 1993) for the obvious reason that his appellate lawyer was ineffective for failing to comply with rule 40(b)(1). Once the two courts that originally denied Shute appellate review finally gave it to him, his conviction was reversed and an order of *acquittal* was rendered in an unpublished opinion by the Fourteenth Court of Appeals, and the Court of Criminal Appeals refused the State's petition for discretionary review. Thus, Mr. Shute, who was not guilty as a matter of law, got appellate review, albeit after years of waiting in prison. Who can be proud of this scenario?

Of course, Shute got more relief from the operation of rule 40(b)(1) than do most appellants. There is no right for indigents to be represented by counsel in pursuing relief under article 11.07, and nobody (rich or poor) has a right to a hearing. Thus, only the persistent and the lucky need apply. Most of those who lose their right to appeal because of rule 40(b)(1) lose it for good.