**Stephen S. GREATSINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–93–00344–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 1994.

John V. Tarleton, Houston, for appellant.

John B. Holmes, Jr., Linda West, Mark Rubal, Houston, for appellee.

Before DUGGAN, HUTSON–DUNN and ANDELL, JJ.

## OPINION ON MOTION
## FOR REHEARING

DUGGAN, Justice.

Appellant has filed a motion for rehearing in this case. We deny the motion, but withdraw our initial opinion of January 20, 1994, and substitute this one in its stead.

Appellant, Stephen S. Greatsinger, appeals his plea-bargained conviction and 20–year sentence for unauthorized use of a motor vehicle, enhanced by one prior conviction for felony theft. We affirm.

On the day appellant's case was set for a jury trial, he filed and urged a motion for continuance, which the trial court overruled. Appellant and his attorney then entered into the plea bargain agreement with the State. Pursuant to the agreement, appellant pleaded guilty to the offense of unauthorized use of a motor vehicle, and true to the allegations of one enhancement paragraph alleging a previous Florida conviction for grand theft;

the State abandoned the three remaining primary offense paragraphs and the one remaining enhancement paragraph.

The court found appellant guilty, found the allegation in the enhancement paragraph true, and assessed appellant's punishment in accordance with the plea bargain agreement at confinement for 20 years.

■■■■ The dispositive issue in appellant's appeal is the adequacy of his notice of appeal of the trial court's denial of his motion for continuance. In a single point of error, appellant contends the trial court erred in denying his motion for continuance. The State argues that appellant failed to preserve error. We agree with the State.

Rule 40(b)(1) of the Texas Rules of Appellate Procedure states in relevant part that:

> [I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

TEX.R.APP.P. 40(b)(1) (emphasis added).

Here, judgment was rendered upon appellant's plea of guilty pursuant to article 1.15. *See* TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1994). The punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. The alleged error appellant complains of is nonjurisdictional and occurred prior to the entry of his plea. For these reasons, appellant's notice of appeal was required to meet the dictates of rule 40(b)(1).

Appellant's notice of appeal includes the trial court cause number, the style of the case, and the trial court number and county. It is entitled "Written Notice of Appeal," is signed by appellant's attorney, and includes his attorney's address, telephone number,

and State Bar number. The notice of appeal recites the amount of appellant's appeal bond ("no bond") and the date the bond denial was done, and contains the judge's signature below the denial of bond. The substantive content of appellant's notice of appeal is as follows:

> TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW THE DEFENDANT, Stephen S. Greatsinger, on this the 29th day of March, A.D. 1993, and within thirty days of sentence having been pronounced in the above numbered and styled cause and, excepting to the ruling of the court, filed this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1).

> WHEREFORE, premises considered, Defendant prays this written notice of appeal be entered of record this date.

> THE DEFENDANT further requests that the Court set an appeal bond.

It is apparent that the notice of appeal does not state literally that the trial court granted permission to appeal or specify that appellant's complaint about the trial court's action in overruling his motion for continuance [1] was raised by written motion and ruled on before trial as required by rule 40(b)(1). Although the *docket sheet* reflects that "defendant gave notice of appeal as to motion for continuance only," the docket sheet entry is not a separately signed order containing "all the information required by rule 40(b)(1)" such as the order in *Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992).

The language of rule 40(b)(1) is "unequivocally mandatory." *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Moreno v. State,* 866 S.W.2d 660, 661 (Tex.App.—Houston [1st Dist.] Oct. 28, 1993, no pet.). In *Moshay v. State,* 828 S.W.2d 178 (Tex. App.—Houston [14th Dist.] 1992, no pet.), like here, the notice of appeal conveyed that the defendant wanted to appeal his conviction, but did not state that the trial court had granted him permission to appeal or specify that his motion to suppress was raised by written motion and was ruled on before trial. *Moshay,* 828 S.W.2d at 178. The defendant brought two points of error attacking the trial court's denial of his motion to suppress. *Id.* The court refused to consider the defendant's points of error, holding that his "notice of appeal did not comply with the rule [40(b)(1)], and is not sufficient to preserve for appellate review such non-jurisdictional defects as the denial of his pretrial motion." *Id.*

In *Moreno,* we urged the Court of Criminal Appeals either to permit reasonable out-of-time amendment of the notice of appeal under Tex.R.App.P. 83, or to repeal the portion of rule 40(b)(1) requiring appellants to state in the notice of appeal that the judge granted permission to appeal or list the written motions that were raised and ruled on before trial. *Moreno,* 866 S.W.2d at 663 (Duggan, J., concurring); *Id.* at 665 (Cohen, J., dissenting).

Since *Moreno,* the Court of Criminal Appeals considered this question in *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994), and *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim. App.1994). As we did in *Moreno,* the Court of Criminal Appeals continued to follow *Jones,* and held that an appellant may not amend a notice of appeal out of time (*Davis,* 870 S.W.2d at 47), and that "defendant's 'general' notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea." (*Lyon,* at 736).

We continue to urge the Court of Criminal Appeals to reevaluate its position on rule 40(b)(1). "Jones was a poorly reasoned opinion in which this Court ignored the plain meaning of its own appellate rules." *Davis,* at 46 (Clinton, J., dissenting). Appellant has fulfilled any actual or implied requirement of Rule 40(b)(1), and his appeal should be heard on its merits.

We affirm the trial court's judgment.

---

1. The motion for continuance constitutes appellant's grounds for appeal, and "what the grounds of appeal are" is what the rule refers to by the words "those matters." *See Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990).