**Alvin FORCHA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00679–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 2, 1995.

---

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant was charged by indictment with possession of cocaine. The indictment also alleged two enhancement paragraphs. Appellant pled not guilty, and the trial resulted in a hung jury. After the trial court declared a mistrial, appellant pled no contest to possession of cocaine in exchange for an agreed recommendation of 25 years. On appeal, appellant raises five points of error. We affirm.

### Background facts and procedural history

Based on information supplied by a confidential informant, the police obtained a warrant to search the residence at 218½ Cypress Street in Crosby, Texas. The affidavit supporting the warrant named appellant and two other persons as "suspected parties." The affidavit was sworn but undated. Police officers raided the house described in the warrant, where they found appellant and a crackpipe in appellant's pocket. The crackpipe was tested for residue, and 3.75 milligrams of cocaine were found inside the pipe.

Before his first trial, appellant made a motion to suppress the evidence, arguing, among other things, that the search warrant was invalid because the underlying affidavit was undated. The trial court denied the motion, and the case went to trial. After appellant's first trial ended in mistrial, appellant pled no contest in exchange for an agreed recommendation of 25 years. On the face of appellant's no contest plea, appellant reserved the right to appeal the denial of his motion to suppress. However, appellant's "general" notice of appeal to this Court did not specify that he was appealing matters which had been raised by written motion and ruled on before trial, or that the trial court granted permission to appeal.

### Second point of error

■ In his second point of error, appellant complains of the trial court's failure to grant appellant's pre-trial motion to suppress. The State argues that this Court is without jurisdiction to address this point of error directly, because appellant's notice of appeal did not comply with the requirements of TEX. R.APP.P. 40(b)(1), which states in relevant part:

> [I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1). The judgment was rendered on appellant's plea of no contest, and the punishment assessed did not exceed the recommended punishment. Appellant's notice of appeal did not specify that he was appealing matters which were raised by written motion and ruled on before trial. We therefore do not have jurisdiction to consider the denial of appellant's pretrial motion. *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim. App.1994); *Moreno v. State,* 866 S.W.2d 660, 661 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

We overrule appellant's second point of error.

### First point of error

■ In his first point of error, appellant claims (1) that his plea was "involuntary and

unintelligent" because it was contingent on his right to appeal the denial of his pre-trial motion to suppress, and (2) that his counsel was ineffective in failing to perfect the appeal of his motion to suppress. Before we can address the merits of appellant's claim, however, we must resolve the above stated challenge to our jurisdiction. The State contends that we have no more jurisdiction to consider these issues than we did to consider the motion to suppress.

The Court of Criminal Appeals has recently stated that TEX.R.APP.P. 40(b)(1) applies to an appeal "for a (1) nonjurisdictional defect [occurring before or after the plea], or (2) error that occurred prior to entry of the plea." *Davis v. State,* 870 S.W.2d at 46.

 Read literally, this interpretation would preclude our review of appellant's contentions that his plea was involuntary and that he was denied effective assistance of counsel. A claim of ineffective assistance arising out of defective notice of appeal is a "nonjurisdictional defect," *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994), and of necessity it occurs after the plea. Likewise, an involuntary plea is a nonjurisdictional defect that arises simultaneously with the plea.

Strict application of rule 40(b)(1), as interpreted in *Davis* and *Lyon,* 872 S.W.2d at 736 ("A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues."), would mean that a claim that the plea was involuntary would never be reviewable, because it could not be raised in a pretrial motion, and no prudent judge would have knowingly accepted an involuntary plea. Thus, permission to appeal on those grounds would be virtually unobtainable. *See Soto v. State,* 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.). The trial court is simply not permitted to accept an involuntary plea. The Code of Criminal Procedure provides "[n]o plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent *and the plea is free and voluntary.*" TEX.CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989) (emphasis added).

Similarly, in order to preserve his claim of ineffective assistance, appellant's notice of appeal had to refer to error that had not yet occurred (namely, the defective notice of appeal itself). The Court of Criminal Appeals cannot have intended such an absurd and unjust result. Indeed, a close examination of *Davis* reveals that the Court of Criminal Appeals itself apparently viewed these two claims as somehow different from other "nonjurisdictional defects" occurring after the plea. In *Davis,* the court first held that the appellant's general notice of appeal had not conferred jurisdiction on the court of appeals to address a "nonjurisdictional defect" (sufficiency of the evidence) occurring after the plea. The court then stated:

> Finally, appellant raises the following issues: (1) whether the failure of her trial counsel to file a legally sufficient notice of appeal was ineffective assistance of counsel which denied her a meaningful right of appellate review, and (2) whether her plea was involuntary since it was contingent upon her being able to appeal the motion to suppress issue. While we granted appellant's petition on these issues, we now note that appellant did not raise and argue either of these issues in her brief in the Court of Appeals, and that court consequently did not address them.... [W]e will not address appellant's third and fourth grounds for review, and we dismiss those grounds as improvidently granted.

*Davis,* 870 S.W.2d at 47.

From the above-quoted language, it appears that the Court of Criminal Appeals would have reached these issues if they had been preserved for review. Therefore, we will address appellant's claims.

### Voluntariness of the plea

 The record reflects that appellant received admonishments in accordance with TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon 1989). When the record shows that the defendant received an admonishment on punishment, it is a prima facie showing that the plea was voluntary. *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex.Crim.App.1985); *Miller v. State,* 879 S.W.2d 336, 338 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd.). The burden then shifts to the defendant to show that he entered his plea without understand-

ing the consequences. *Fuentes,* 688 S.W.2d at 544. Relying on *Christal v. State,* 692 S.W.2d 656 (Tex.Crim.App.1981), appellant contends that his plea was involuntary because it was premised on his ability to appeal the pretrial motion.

However, at the time he entered his plea of "no contest," appellant had the right to appeal. It was only after appellant voluntarily entered his plea that he lost his right to appeal by filing a defective notice of appeal. This subsequent defect could not retroactively render his previously voluntary plea involuntary. Thus, his plea was voluntary, because it was not made under a misunderstanding of his right to appeal.

*Christal* is not to the contrary. There, without a plea agreement, the appellant entered a plea of no contest after he was told by both his attorney and the trial judge that he would still be able to appeal a pretrial motion to suppress. The Court of Criminal Appeals reversed, holding that appellant's plea was not voluntary. Because there was no plea agreement, appellant had waived all nonjurisdictional defects pursuant to the *Helms* rule.[1]

Thus, in *Christal,* at the time appellant entered his plea, he did not have the right to appeal, contrary to what he had been told by the court and counsel. Here, by contrast, appellant had the right to appeal at the time he entered his plea, but he subsequently lost that right through his counsel's failure to give proper notice of appeal. We therefore hold that appellant's plea was entered voluntarily.

### Ineffective assistance of counsel

██ In his first point of error appellant also contends that his trial counsel was ineffective for failing to give proper notice of appeal. For appellant to prevail on this claim, he must show that the underlying motion to suppress would have been successful if it had been preserved. Because we find that the underlying motion to suppress

was without merit, however, we must overrule appellant's first point of error.

Relying on *Heredia v. State,* 468 S.W.2d 833 (Tex.Crim.App.1971), appellant contends that the search warrant was invalid because it was undated. In *Heredia,* the Court of Criminal Appeals reversed the conviction on two grounds: first, because the underlying affidavit was stale, in that it did not specify when the facts giving rise to probable cause arose; and second, because "the undated jurat on the affidavit vitiates the complaint. In order to be sufficient, the jurat must be dated." *Id.* at 835.

Here, there is no staleness issue. The affiant established that the confidential informant had seen crack cocaine in the possession of the suspected parties as recently as February 5, 1992, one day prior to the issuance of the warrant. Thus, even though the affidavit was undated, at most the information in it was only one day old. This was clearly sufficient to give the magistrate probable cause to believe that crack cocaine was in the house on the date the warrant was issued.

As to the second ground relied on in *Heredia,* we note the provisions of TEX.CODE CRIM.PROC.ANN. art. 38.23(b) (Vernon 1995):

> It is an exception to the provisions of Subsection (a) of this article [providing for the exclusion of evidence obtained in violation of the provisions of this article] that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.[2]

As we have already noted, there is no question that the affidavit established probable cause. Thus, under TEX.CODE CRIM.PROC. ANN. art. 38.23(b), the fact that the magistrate did not date the affidavit did not negate the police officer's objective good faith reliance on the warrant. Because the evidence seized was therefore admissible, appellant's motion to suppress was without merit. Because the motion was without merit, it was

---

1. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim. App.1972).

2. We also note that *Heredia* was decided before the enactment of TEX.CODE CRIM.PROC.ANN. art. 38.23(b).

not ineffective assistance for appellant's trial counsel to waive it as an issue. We therefore overrule appellant's first point of error.

**Third, fourth, and fifth points of error**

In his third, fourth, and fifth points of error, appellant complains that his trial counsel was ineffective during his first trial. Appellant seems to ignore the fact that he was convicted not on the basis of the trial which ended in mistrial, but on the basis of his plea. By his plea of no contest, appellant waived any error with regard to alleged ineffectiveness at his previous trial. TEX.R.APP.P. 40(b)(1). We therefore overrule appellant's third, fourth, and fifth points of error.

We affirm the judgment of the trial court.