**Mark Anthony McLISH, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00226–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 14, 1995.

Rehearing Overruled Jan. 18, 1996.

---

Ross Palmie, Houston, for Appellant.

John B. Holmes, Jr., S. Elaine Roch, Johon Brewer and Johne Brewer, Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

After the trial court denied appellant's motion to suppress evidence, appellant entered a plea of no contest with an agreed recommendation on punishment of five years in prison, probated, and a $750 fine. The trial court rendered a judgment on the plea and the agreed recommendation on punishment.

In points of error one and two, appellant contends the trial court erred by denying his pretrial motion to suppress evidence. The State argues that this Court does not have jurisdiction to address these points because appellant filed a general notice of appeal that did not comply with the requirements of Tex.R.App.P. 40(b)(1).

If a defendant pleads guilty or nolo contendere and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the defendant must state in the notice of appeal that he has either obtained the trial court's permission to appeal the nonjurisdictional defects or that those nonjurisdictional defects have been raised by written motion and ruled on by the trial court. Tex.R.App.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).[1]

 The trial court rendered judgment on appellant's plea of no contest and assessed the recommended punishment. Appellant's notice of appeal did not specify that he was appealing matters raised by a written motion that was ruled on before trial. The general notice is insufficient to confer jurisdiction on us to review the trial court's ruling on the motion to suppress. *Davis,* 870 S.W.2d at 46; *Forcha v. State,* 894 S.W.2d 506, 508 (Tex.App.—Houston [1st Dist.] 1995, no pet.).[2]

1. The author and others on this Court have severely criticized the rule in *Lyon* and *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994). *See e.g. Moreno v. State,* 866 S.W.2d 660, 663–64 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (en banc) (Cohen, J., dissenting). Nevertheless, we are bound to follow it.

2. We note the docket sheet shows appellant gave notice of appeal as to his motion to suppress. However, a general notice of appeal coupled with such a docket sheet entry is insufficient. *Greatsinger v. State,* 881 S.W.2d 18, 20 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). If the docket sheet had been signed by the judge and met the requirements of rule 40(b)(1), the general notice would be sufficient. *See Flores v. State,* 888 S.W.2d 193, 196 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

We overrule points of error one and two.

In point of error three, appellant contends his plea of no contest was jurisdictionally defective. He argues that his plea was not voluntarily and knowingly made because he entered his plea with the expectation that he could appeal the denial of his motion to suppress.

When appellant entered his plea of no contest, he had the right to appeal. It was only after he voluntarily entered his plea that he lost his right to appeal his pretrial motion by filing a defective notice of appeal. *Forcha*, 894 S.W.2d at 509–10. As we stated in *Forcha*, "This subsequent defect could not retroactively render his previously voluntary plea involuntary." *Id.* at 510. Appellant's plea was voluntary because it was not made under a misunderstanding of his right to appeal. *Id.*

Appellant relies on several cases to support his position. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim. App.1985); *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App.1981); *Mooney v. State*, 615 S.W.2d 776, 778 (Tex.Crim.App.1981); *Wooten v. State*, 612 S.W.2d 561, 563 (Tex. Crim.App.1981). However, these cases are all distinguishable. In each, the defendants pled guilty or no contest without a plea agreement after they were erroneously told they could appeal pretrial motions. At the time the defendants entered their pleas, they did not have the right to appeal; therefore, the pleas were involuntary. *Forcha*, 894 S.W.2d at 510.

Here, appellant was advised when he entered his plea that he had the right to appeal and in fact, he then had the right to appeal. Therefore, his plea was voluntarily made. *Id.*

We overrule point of error three.

We affirm the trial court's judgment.

TAFT, Justice, concurring.

I concur in the result reached by the majority, but write to suggest a different avenue for reaching that result.

## Jurisdictional Issue—General Notice of Appeal

The majority sustains the State's position that appellant's general notice of appeal did not confer jurisdiction upon this Court to consider the merits of appellant's first and second points of error. While there is a line of cases which supports that position, an important argument has not yet been considered.

When the Court of Criminal Appeals was given authority by the legislature to write rules of appellate procedure in 1985, it was prohibited from changing the substantive law:

Articles of the Code of Criminal Procedure, 1965, that govern posttrial appellate and review procedure in criminal cases are hereby repealed pursuant to Section 4 of this Act. The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedures in criminal cases *except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.*

Act of May 26, 1985, 69th Leg., R.S., ch. 685, sec. 1, 1985 Tex.Gen.Laws 2472 (emphasis added), now codified at TEX.GOV'T CODE ANN. § 22.108(a) (Vernon 1988).

Prior to the advent of the new rules of appellate procedure, former article 44.02 of the Code of Criminal Procedure provided criminal defendants a right to appeal which was not conditioned upon any particular form of a notice of appeal:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

Former TEX.CODE CRIM.PROC.ANN. art. 44.02. Act of May 27, 1965, 59th Leg., R.S. ch. 722, 1965 Tex.Gen.Laws 317, 511, *amended by* Act of May 20, 1977, 65th Leg., R.S., ch. 351, 1977 Tex.Gen.Laws 940, 940–41, *repealed by* Act of May 26, 1985, 69th Leg., R.S., ch. 685, 1985 Tex.Gen.Laws 2472, 2472–73.

The new rules of appellate procedure reenacted the proviso of former article 44.02 in rule 40(b)(1):

> [I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

TEX.R.APP.P. 40(b)(1) (emphasis added).

The Court of Criminal Appeals then construed the new rule of procedure strictly so as to require that a notice of appeal state that an appellant either obtained the trial court's permission to appeal the nonjurisdictional defects or that said defects had been raised by written motion and ruled on by the trial court prior to trial. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994). This imposed a new requirement for an appellant which had not been required by the legislature. The result was numerous appellants being denied, at least initially, a direct appeal of their convictions.

As pointed out by the Court of Criminal Appeals in *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994), the court was not given authority to modify a criminal defendant's legislatively granted right to appeal. This calls into question a whole line of cases which has held that appellate courts have no jurisdiction to review appeals of criminal defendants who have not complied with the new requirement for the form of a notice of appeal. Relying on *Davis,* and the fact that the *Davis*-based argument presented above has not yet been addressed by the Court of Criminal Appeals in regard to the general notice of appeal issue, I would hold that this Court does have jurisdiction of appellant's appeal. Therefore, I would address appellant's points of error challenging the trial court's ruling on the motion to suppress evidence.

## Overruling Motion to Suppress

In two points of error, appellant contends that the trial court committed reversible error in overruling appellant's motion to suppress where: (1) the State was unable to produce credible evidence that appellant was the person who was operating the automobile that went through the toll booth rendering insufficient probable cause for appellant's arrest for driving while intoxicated (DWI); and (2) appellant was arrested for an offense committed outside the jurisdiction of the arresting officer.

### A. Facts

The facts of appellant's arrest are uncontroverted. Harris County Constable Roger Baack was on routine patrol when he observed appellant staggering down the middle of the median of the Sam Houston Tollway. Appellant said something about hitting somebody. Baack placed appellant under arrest for public intoxication (PI). The location of the arrest was in Harris County.

Harris County Constable R. Norris transported appellant from the site of his arrest to the toll road plaza. Linda Williams, an operator of the toll booth, identified appellant as having driven through the plaza at a high rate of speed, hitting part of the booth without stopping.

At a hearing on appellant's motion to suppress, defense counsel conceded that probable cause existed to arrest appellant for PI. The thrust of appellant's objection at trial corresponds with his points of error on appeal: (1) Linda Williams was not a credible witness to identify appellant for purposes of the DWI offense; and (2) the arresting constable was outside his jurisdiction because there was no proof that appellant's driving occurred in Harris County.

## B. Standard of Review

The State's brief accurately sets out the pertinent standards for reviewing a trial court's ruling on a motion to suppress evidence.

A trial court's ruling on a motion to suppress will not be set aside absent a showing of abuse of discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App. 1985); *Santos v. State,* 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). "To determine whether the trial court abused its discretion, the evidence is viewed in the light most favorable to the ruling." *Santos,* 822 S.W.2d at 339, *citing Daniels v. State,* 718 S.W.2d 702, 704 (Tex. Crim.App.1986), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986). The trial judge is the "sole fact finder at a hearing on a motion to suppress evidence and may choose to believe or disbelieve any or all of the witnesses' testimony." *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991).

The reviewing court is not at liberty to disturb any finding which is supported by the record. *Johnson,* 803 S.W.2d at 287; *Green v. State,* 615 S.W.2d 700, 707 (Tex. Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). If the trial court overrules a motion to suppress and admits evidence, the appellate court should not reverse if the evidence was admissible for any reason. *Sewell v. State,* 629 S.W.2d 42, 45 (Tex.Crim.App. 1982).

The State focuses on appellant's arrest for public intoxication, rather than the offense for which appellant was tried, DWI. Appellant's arguments at trial, which comport with his points of error on appeal, are addressed more to the sufficiency of the evidence to support appellant's conviction for DWI. As pointed out above, appellant conceded at trial that he was lawfully arrested for PI. At the hearing, both parties cited *Segura v. State,* 826 S.W.2d 178, 182 (Tex.App.—Dallas 1992, pet. ref'd) (upholding an arrest for PI arising out of a DWI context).

In point of error one, appellant challenges the credibility of the State's witness on the basis that she testified appellant was wearing a light-colored shirt when he drove through the toll booth, while the other State's witnesses and the videotape of appellant show that he was wearing a dark-colored shirt. I observe that appellant's credibility challenge is relevant only to the DWI offense and not the arrest for PI. Nevertheless, the trial court, as the fact finder, was free to believe the State's witness who identified appellant as the driver of the vehicle that plowed through the toll booth. For both of these reasons, I would overrule appellant's first point of error.

In point of error two, appellant challenges the jurisdiction of the arresting officer. However, once again the challenge is aimed at the jurisdiction of the DWI offense. Admittedly, the evidence at the suppression hearing was much stronger regarding the location of the arrest for PI having been in Harris County, than was the evidence of the county in which the DWI occurred.

Nevertheless, as the State points out, PI is an offense against the public peace. *McGuire v. State,* 847 S.W.2d 684, 686 (Tex. App.—Houston [1st Dist.] 1993, no pet.). TEX.CODE CRIM.PROC.ANN. art. 14.01(a) (Vernon 1995) provides: "A peace officer *or any other person,* may without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against public peace." (Emphasis added.) Therefore, it was unnecessary for the constable to be within his jurisdiction when arresting appellant for PI. Accordingly, I would overrule appellant's second point of error.

I would hold that this Court has jurisdiction to address appellant's points of error challenging the trial court's ruling on the pretrial motion to suppress and, having overruled appellant's points of error, I would affirm the trial court's judgment.

COHEN, J., joins this concurring opinion.