Edward L. GLENN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–00452–CR, 01–96–00453–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 6, 1997.

Order Authorizing Amendment of
Appeal on Rehearing Jan. 29, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Roland B. Moore, III, Houston, for appellant.

John B. Holmes, Dan McCrory, Calvin Hartmann, Houston, for appellee.

## OPINION

NUCHIA, Justice.

Appellant, Edward L. Glenn, pled guilty to possession of between one and four grams of cocaine (cause number 708951), and between five and 50 pounds of marihuana (cause number 708951). Having waived a jury trial, appellant was sentenced by the trial court to five years' confinement for each offense. We dismiss for want of jurisdiction.

### Jurisdiction

The State initially argues we have no jurisdiction because appellant filed defective notices of appeal. Former rule 40(b)(1) of the Texas Rules of Appellate Procedure provides in pertinent part as follows:

> Appeal is perfected in a criminal case by giving timely notice of appeal.... Such notice shall be sufficient if it is in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to the entry of*

*the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. . . .*

Former TEX.R.APP. P. 40(b)(1) (Vernon Pamph.1997, repealed effective Sept. 1, 1997) (now TEX.R.APP. P. 25.2(b)) (emphasis added).[1]

Appellant filed a motion to suppress evidence discovered in his home by officers serving a search warrant. In conjunction with this motion, appellant filed a motion requesting disclosure of the identity of the informant upon whose information the warrant was obtained. The trial court held a hearing on the latter motion, after which she denied it, writing "denied" on appellant's motion. Appellant then pled guilty pursuant to a plea agreement with the State, receiving the exact sentence the State had recommended. The trial court orally gave appellant permission to appeal his motion to reveal the informant's identification.

Appellant filed only a general notice of appeal, merely reciting he "except[ed] to the ruling of the court" and was filing his appeal pursuant to rule 40(b)(1). Appellant's notice did not recite that the trial court granted him permission to appeal certain matters or that those matters were raised by written motion and ruled on before trial. On appeal, appellant's sole point of error complains the trial court erred in not conducting an in camera inspection of the State's files to determine the propriety of disclosing the confidential informant's identity.

■ Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those raised by written motion

and ruled on before trial. TEX.R.APP. P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994). A defendant's "general" notice of appeal confers jurisdiction to address, in an appeal from a plea-bargained conviction, jurisdictional issues; it does not confer jurisdiction to address nonjurisdictional defects or errors occurring before or after the plea's entry. *Lyon,* 872 S.W.2d at 736; *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *White v. State,* 920 S.W.2d 675, 676 (Tex. App.—Houston [1st Dist.] 1995, no pet.). The language of rule 40(b)(1) is unequivocally mandatory: the notice of appeal must comply with the portions of rule 40(b)(1) italicized above to confer appellate jurisdiction to address these types of errors or defects. *Lyon,* 872 S.W.2d at 736; *see Flores v. State,* 888 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

■ This Court has found a general notice of appeal insufficient to confer appellate jurisdiction even where it recited that the appellant "except[ed] to the ruling of the court." *See Greatsinger v. State,* 881 S.W.2d 18, 20 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Moreno v. State,* 866 S.W.2d 660, 661 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). This language does not transform appellant's general notice of appeal into one complying with rule 40(b)(1).

■ Neither does the trial court's oral permission to appeal its pretrial ruling suffice to confer jurisdiction on us. *See Davis,* 870 S.W.2d at 46 (noting trial court's oral permission to appeal, while holding general notice of appeal did not confer jurisdiction); *Jones v. State,* 796 S.W.2d 183, 188 (Tex.Crim.App.1990) (Teague, J., dissenting, noting that trial court had given oral permission to appeal); *Rodriguez v. State,* 844 S.W.2d 905, 910

---

1. This appeal was perfected before the Texas Rules of Appellate Procedure were amended effective September 1, 1997. Because our disposition involves a review of the notice of appeal itself, we have applied the rules in effect at the time the appeal was perfected, in order not to work an injustice. *See* Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9139 (Tex.Crim. App. Aug. 15, 1997). All further references to rule 40(b)(1) are to the pre-amendment rules.

(Tex.App.-San Antonio 1992, pet. ref'd). While the docket sheet indicates that appellant "filed a notice of appeal on motion to reveal confidential informant," the trial court did not sign this entry. A docket sheet entry will not constitute substantial compliance with rule 40(b)(1) where it is not a separately signed order containing what the rule requires. *See Flores,* 888 S.W.2d at 195 (finding substantial compliance where trial court had signed docket sheet and intended it to be order); *Greatsinger,* 881 S.W.2d at 20.

■ We recognize that, even where an appellant files only a general notice of appeal, if the record contains an order reciting the information rule 40(b)(1) requires, the appellate court has jurisdiction to consider the nonjurisdictional defects recited in that order. *See Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992) (separate order); *Brunswick v. State,* 931 S.W.2d 9, 10–11 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Diaz v. State,* 877 S.W.2d 452, 453 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (recitation in plea agreement). We have diligently searched the entire record, but have found no such order or other document.

2. Appellant's notice of appeal was on a form provided by the trial court or clerk. So were the admonishments appellant signed. The former contained the inadequate language cited above. The latter, entitled "for plea: admonishments, statements, and waivers/rev. 12–14–94 for offenses September 1, 1994 and after," is misleading for those in appellant's circumstances, because it states, "[T]he Court must give its permission to you before you may prosecute an appeal on any matter in this case, *except for those matters raised by you by written motion filed prior to trial.*" (Emphasis added). The italicized language is not entirely accurate, in light of the requirement a defendant in this situation must still make the proper recitations in his notice of appeal. A defendant is responsible for knowing the law's requirements, and may not urge reversal because of even potentially misleading language in forms like these. Nonetheless, we note that the cited language in this form admonishment and notice of appeal is not con-

■ Accordingly, we dismiss both causes for want of jurisdiction.[2]

MIRABAL and O'CONNOR, JJ., also participating.

## ORDER

PER CURIAM.

Appellant has timely filed a motion for rehearing of our opinion dated November 6, 1997.

Appellant pled guilty pursuant to a plea bargain agreement, receiving the exact sentence the State had recommended. Appellant filed a general notice of appeal not complying with the Texas Rules of Appellate Procedure in effect at the time. *See* former rule 40(b)(1) (repealed effective Sept. 1, 1997).[1] By opinion dated November 6, 1997, we held that, because appellant's general notice of appeal did not comply with former rule 40(b)(1), and because no other document in the record substantially complied with the rule's requirements, we had no jurisdiction to consider the appeal. Op. at 287–88.

Under the former appellate rules, we could not allow an out-of-time amendment to correct defects in a notice of appeal. *Jones v. State,* 796 S.W.2d 183, 187 (Tex.

sistent with, or is potentially misleading about, the case law in this area (and new TEX.R.APP. P. 25.2(b)). The trial court's admonishment form should include, after the italicized phrase above, the following statement, which comports with new TEX.R.APP. P. 25.2(b): "and, to be effective, a notice of appeal shall state that the appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal."

1. This appeal was perfected before the Texas Rules of Appellate Procedure were amended effective September 1, 1997. Because our disposition in our opinion of November 6, 1997, involved a review of the notice of appeal itself, we applied former rule 40(b)(1), which was in effect at the time the appeal was perfected. *See* Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9139 (Tex.Crim.App., Aug. 15, 1997).

Crim.App.1990) (holding former appellate rule 83 does not cure a notice of appeal not complying with former appellate rule 40(b)(1)); *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Crim.App.1994); *see Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App.1996). However, appellate rule 25.2, the successor to former rule 40(b), expressly allows amendment of the notice of appeal to correct defects, after the appellant's brief is filed, on leave of the appellate court. Tex. R.App. P. 25.2(d).[2] Former rule 40(b)(1) contained no equivalent provision for amendment. We have found no case construing current rule 25.2(d) or determining its effect upon defective notices of appeal. However, we find the rule's language to be clear.

We hold that current appellate rule 25.2(d) allows an out-of-time amendment of a defective notice of appeal—even one from a defendant who has pleaded guilty or nolo contendere, pursuant to article 1.15 of the Code of Criminal Procedure, and whose punishment did not exceed what was recommended and agreed to—under the limited circumstances set out in that rule.[3]

Here, the trial court orally gave appellant permission to appeal the denial of his pretrial motion to reveal a confidential informant's identification. The docket sheet, although not signed by the trial court, reflects appeal on this ground. The trial court also signed an order appointing counsel and directing the court reporter to prepare a reporter's record on appeal.[4] It is clear from the record that the trial court intended to allow appellant to appeal the denial of this pretrial motion. Additionally, appellant's notice of appeal, as well as the admonishments he signed, were on a form provided by the trial court or clerk. These forms contained information or language either not in compliance with or not accurately reflecting former rule 40(b)(1)'s requirements for plea-bargaining defendants. While it is not the job of the district clerk or court to represent a defendant or to practice law by drafting necessary forms, neither should the court's own personnel create stumbling blocks by offering, and thereby encouraging the use of, defective forms. *Moreno v. State*, 866 S.W.2d 660, 664 n. 1 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (Cohen, J., dissenting).

The Court of Criminal Appeals has ordered that the new appellate rules apply to all pending criminal proceedings "except to the extent that their application ... would not be feasible or would work injustice, in which case the former procedure may be followed." *See* Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9139 (Tex. Crim.App., Aug. 15, 1997). In light of the

---

2. "An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. *After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.*" Tex.R.App. P. 25.2(d) (emphasis added).

3. The holding of *Jones* and its progeny, cited above, does not affect our conclusion. *See Jones v. State*, 796 S.W.2d 183, 187 (Tex. Crim.App.1990); *accord Davis v. State*, 870 S.W.2d 43, 47 (Tex.Crim.App.1994) (following *Jones* ). There was no equivalent amendment provision in former appellate rule 40(b)(1) for

the *Jones* court to consider. Rather, the *Jones* court held that former appellate rule 83 could not be used to side-step the clear limitations in former rule 40(b)(1) for invoking an appellate court's jurisdiction. *Jones*, 796 S.W.2d at 187; *see Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App.1996) (holding appellate courts may not invoke former appellate rules 2(b) or 83 to create jurisdiction where none exists). Current appellate rule 25.2(d) *is itself* part of the rule establishing the procedure for invoking appellate jurisdiction. Therefore, *Jones*'s above-referenced holding does not affect the application of current appellate rule 25.2(d).

4. On November 21, 1997, appellant moved this Court to allow the clerk's record to be supplemented with this order. We granted that motion.

very specific facts of this case, and because current appellate rule 25.2(d) now allows an out-of-time amendment to correct a notice of appeal's defects on our leave, we find it would work an injustice *not* to apply the current appellate rules here.

We construe appellant's motion for rehearing as including a motion to amend his notice of appeal to comply with the appellate rules. We grant that motion. Appellant is **ORDERED** to file in the appellate record of this cause an amended notice of appeal, complying with current Texas Rule of Appellate Procedure 25.2(b)(3), by 5:00 p.m. on February 13, 1998. Tex.R.App. P. 25.2(d). Upon compliance with this order, we will rule on appellant's motion for rehearing, which remains pending.

It is so **ordered.**