Earnest Jay JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–88–01155–CR, 01–88–01156–CR and 01–88–01157–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1989.

Rehearing Denied March 1, 1990.

Charles Freeman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris County, Katherine Haden, Carol Davies, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

EVANS, Chief Justice.

Appellant pleaded true to the allegations in the State's motion to adjudicate guilt for the felony offense of burglary of a habitation with intent to commit theft, and pleaded no contest to separate indictments alleging two counts of aggravated robbery, and one count of aggravated sexual assault. For each count, the court assessed punishment at 60 years in the Texas Department of Corrections to run concurrently.

██ In his first point of error, appellant contends that he was deprived of effective assistance of counsel because his lawyer was not authorized to practice law on October 17, 1989, when appellant pleaded no contest to the offenses of aggravated robbery and aggravated sexual assault. Appellant asserts that his retained trial lawyer, Mr. Walter Pink, did not tell him that his license to practice law had lapsed due to a failure to pay bar dues, and that he learned of such fact only after he entered his pleas in this case.

Appellant first raised this argument in his amended motion for new trial, filed by Mr. Charles Freeman, his attorney on appeal. At the hearing on the motion for new trial, appellant testified that he was not aware, at the time of his trial, that Mr. Pink was not licensed by the State Bar of Texas, and that Mr. Pink did not tell him he was not licensed. At that point, the State's attorney objected that the grounds alleged in the amended motion for new trial did not cover this line of testimony. The court sustained the objection, and permitted appellant to make a record of his testimony in the form of a bill of exceptions. In his bill, appellant testified that about two and one-half weeks after he entered his pleas, he read a newspaper article about Mr. Pink. He testified that the article said "something about" Mr. Pink not having a license to practice law, that he had not paid his bar dues, and that Mr. Pink had been jailed for contempt the day before appellant's trial.

We need not determine whether the trial court erred in sustaining the State's objection to the proffered testimony, because that matter has not been presented for review. Neither need we consider whether the suspension of Mr. Pink's license to practice law during appellant's trial, and his subsequent reinstatement, would compel the conclusion that appellant was denied assistance of counsel. *See Hill v. State*, 393 S.W.2d 901, 904 (Tex.Crim.App. 1965); *compare* Supreme Court of Texas, Rules Governing the State Bar of Texas art. III, sec. 5 (1983). We need not consider these matters because appellant failed to present any competent evidence at his motion for new trial hearing showing that Mr. Pink did not have a license to practice law at the time of trial.

The record shows that Mr. Pink was present at the hearing on appellant's motion for new trial, and was sworn as a potential witness. Appellant could readily have called Mr. Pink to the stand and asked him about the status of his license to practice law at the time he represented appellant. Appellant chose not to do so, however, and he presented no other competent evidence on the issue. Appellant's testimony, on his bill of exceptions, simply shows that he read "something about" Mr. Pink's license and his failure to pay bar dues. He did not testify that Mr. Pink was not licensed to practice law at the time of trial, nor did he present evidence or ask the court to take judicial notice of any official records regarding that fact. Therefore, appellant failed to present any competent evidence on the asserted error.

We accordingly overrule this point of error.

■ In his second point of error, appellant contends that Mr. Pink did not render reasonably effective assistance of counsel. He asserts that he would not have entered his pleas if he had known that his trial counsel was not authorized to practice law and had just been released from jail. In reviewing the first point of error, we held that appellant failed to offer any competent evidence showing that his trial lawyer was not authorized to practice law at the time of trial. We reach the same conclusion with respect to appellant's assertion that his trial counsel had just been released from jail at the time he represented appellant in this case. Appellant did not offer any competent evidence showing that his trial counsel was in jail the night before he represented appellant. Neither did he show how such a circumstance, even if true, constituted such a distraction or conflict with his trial counsel's representation as to constitute ineffective assistance of counsel.

■ Appellant also argues, under this point of error, that he had ineffective trial counsel because Mr. Pink failed to explain to appellant the nature and effect of his pleas. Appellant asserts that this lack of advice meant appellant did not act voluntarily and of his own free will in entering his pleas. We also overrule this argument.

To establish a claim of ineffective assistance of counsel, appellant must prove both that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

The record shows that Mr. Pink repeatedly discussed the case with appellant, and that, on the day of trial, he consulted with appellant and with appellant's mother to determine the best course of action to take. Mr. Pink explained all of the written admonishments, and appellant initialed each one. Appellant also signed all the written stipulations of evidence and judicial confessions, which explained in writing that he waived a trial by jury and the appearance, confrontation, and cross-examination of witnesses. Appellant is a high school graduate, and he testified he could read and write "fairly well."

The record shows that Mr. Pink spoke with appellant, and appellant's mother, and fully advised appellant with respect to his pleas and their effect. Mr. Pink also made a very persuasive argument upon summation, which appears to have been effective because appellant received less than the full punishment allowed by law. Indeed, appellant's criminal history, as reflected by the record, indicates no reasonable probability that appellant would have received a lesser sentence with any other legal representation. The evidence depicts a sordid sexual assault, which included both oral and anal penetration, by three young males on a defenseless young woman and her boyfriend at a private residence. The record does not reflect any remorse or restitution by appellant, only the testimony of his mother regarding his history of drugs and violent crime.

We conclude that appellant has failed to demonstrate that his trial counsel gave a deficient performance and that there is no reasonable probability that, but for his counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. Therefore, we overrule the second point of error.

■ In his third point of error, appellant contends that he did not voluntarily give his plea of true, his stipulations of evidence in support of such plea, his pleas of no contest, and the stipulations in support of those pleas.

■ We overrule this point. Whether an accused "has been deprived of due process and due course of law" is the court's overriding concern in evaluating the voluntariness of a plea. *Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App.1981). The court considers "all the facts and circumstances" in determining whether a plea was voluntary. *Brown v. State,* 491 S.W.2d 124, 125 (Tex.Crim.App.1973).

There is no evidence that appellant's trial counsel or the prosecutor *improperly promised* appellant something in return for his plea or exercised any coercive measures to obtain such plea. Thus, this case does not involve a broken plea agreement or erroneous representations by either the State or defense counsel. Before accepting appellant's pleas, the trial judge explained to appellant the range of punishment in each case and the effect of appellant's pleas. The court also ascertained whether appellant entered those pleas voluntarily and without any promises or threats. Appellant repeatedly assured the court that he understood the effect of his pleas, and that he entered them without any promises or coercion. At the hearing on appellant's motion for new trial, he admitted that, "what it really comes down to," is that he was "really shocked and surprised when the judge pronounced sentence of 60 years." He said he really expected to get less than 60 years. We find no basis in the record to support appellant's claim that he did not voluntarily and knowingly enter the plea of true and the plea of no contest, or that he did not knowingly and voluntarily stipulate to the evidence in support of such pleas.

We accordingly affirm the judgment of the trial court.