**Dennis Lee ODOM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00548–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 26, 1997.

Donald W. Rogers, Jr., Thomas M. Henderson, Houston, for appellant.

John B. Holmes, Calvin Hartman, Houston, for appellee.

Before HEDGES, COHEN and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

HEDGES, Justice.

We grant appellant's motion for rehearing in part to correct the opinion, withdraw our opinion dated October 30, 1997, and substitute the following opinion in its place.

Appellant was indicted for aggravated sexual assault of a child. He pleaded "no contest" without an agreed recommendation as to punishment. The trial court found him guilty and sentenced him to 16 years in prison. In two points of error, appellant argues that the trial court erred by failing to make an adequate record of the proceedings and that his plea of "no contest" was not authorized under TEX.CODE CRIM.P.ANN. art. 27.02 (Vernon 1989). We affirm.

### Analysis

In point of error one, appellant argues that due process of law guaranteed by the Fourteenth Amendment to the United States Constitution requires that the trial court make an adequate record of the proceedings to allow a reviewing court to determine the voluntariness of the plea. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). We agree. He contends that from the standpoint of due process, this requirement can never be waived by a defendant. To the extent that it follows that a defendant cannot under any circumstances waive a court reporter, we disagree.

Appellant admits signing a written admonishment form that included a specific waiver of the right to have a court reporter record his plea. He argues, however, that the waiver of the court reporter was included in boiler plate language that "contains a blanket waiver of every imaginable right." He contends that because the waiver was in boilerplate language, there is no indication that the trial court discussed the waiver of the court reporter with appellant or that appellant's decision to waive the court reporter was intelligently and knowingly made. He argues that the routine practice of requiring defendants to waive recording of the proceedings creates a fear in the defendants that refusing to sign the waiver would adversely affect the punishment or result in denial of a motion for probation. There is, in this record, no evidence that appellant was required to waive a court reporter.

Appellant concedes that the laws of the State of Texas are adverse to his position. Texas courts have traditionally found waiver of the right to complain on appeal of the absence of a court reporter if appellant failed to either request a court reporter or object to the absence of a court reporter. *See Emery v. State,* 800 S.W.2d 530, 535 (Tex.Crim.App. 1990); *Schneider v. State,* 645 S.W.2d 463, 465–66 (Tex.Crim.App.1983); *Haynes v. State,* 727 S.W.2d 294, 296–97 (Tex.App.— Houston [1st Dist.] 1987, pet. dism'd); *Walton v. State,* 670 S.W.2d 310, 311–12 (Tex. App.—Houston [1st Dist.] 1983, no pet.).

 Appellant contends that these cases did not consider the due process of law requirement that the trial court make a record with regard to the voluntariness of a guilty plea or nolo contendere plea as required by *Boykin*. The *Boykin* requirements are fulfilled on this record. *Boykin*, 395 U.S. at 243–44, 89 S.Ct. at 1712–13. There is ample evidence that his plea was knowingly, intelligently, and voluntarily entered. The written admonishments were signed not only by appellant, but by appellant's counsel, the prosecuting attorney, and the trial judge. Moreover, each paragraph of the Statements and Waiver section of the admonishments, including his waiver of a court reporter, was initialed individually by appellant. Specifically, he initialed paragraphs indicating his understanding of the charges against him, his understanding of the consequences of his plea, and that his plea was "freely, knowingly, and voluntarily executed." Therefore, there is adequate record for a reviewing court to determine whether appellant's plea was made intelligently and voluntarily under *Boykin*.

We overrule point of error one.

 In point of error two, appellant argues that his plea of "no contest" was not authorized under TEX.CODE CRIM.P.ANN. art. 27.02 (Vernon 1989). Article 27.02 requires the defendant's plea to be either not guilty, guilty, or nolo contendere. Appellant argues that because he pleaded "no contest," his plea was not authorized by statute. Consequently, the trial court should have interpreted his utterance as no plea or a refusal to plead. Because there was no valid plea, he contends, the trial court was required to enter a plea of not guilty. TEX.CODE CRIM. P.ANN. art. 27.16(a) (Vernon 1989); *Weddle v. State*, 522 S.W.2d 475, 476 (Tex.Crim.App. 1975).

The phrase "nolo contendere" is Latin meaning "I will not contest it." BLACK'S LAW DICTIONARY 1048 (6th ed. 1990). By pleading "no contest," appellant has merely pleaded the English translation of the Latin phrase. *See Forcha v. State*, 894 S.W.2d 506, 510 (Tex.App.—Houston [1st Dist.] 1995, no pet.) (treating defendant's plea of "no contest" as a plea of nolo contendere without addressing any defect in the plea); *Jordan v. State*, 786

S.W.2d 1 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (same).

We overrule point of error two.

We affirm the judgment of the trial court.