

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00177-CR

_____

MARTIN LUTHER BURNS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F12698

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

As memorialized in its order dated October 2, 2003, the trial court accepted the "no contest" plea of Martin Luther Burns to the charge of aggravated kidnapping and placed him on deferred adjudication community supervision for five years, a term that was later extended for five more years. In 2011, the State moved to adjudicate Burns' guilt on the bases of a new offense and the use of cocaine. Burns pled "true" to the allegations, and the trial court adjudicated his guilt and sentenced him to fifty years' imprisonment.

On appeal, Burns contends that his fifty-year sentence is excessive and disproportionate and that his original deferred adjudication was void because he was not eligible for community supervision on a charge of aggravated kidnapping. We affirm the trial court's judgment because (1) Burns preserved no error regarding any excessive or disproportionate sentence and (2) Burns was eligible for deferred adjudication because he originally pled "no contest."

*(1)    Burns Preserved No Error Regarding any Excessive or Disproportionate Sentence*

Burns argues that his sentence of fifty years' imprisonment was excessive and disproportionate. A defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *see Gavin v. State*, 404 S.W.3d 597, 602 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Because Burns failed to raise his complaint about his sentence before the trial court in the form of an argument, objection, or post-trial motion, he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1.

*(2)      Burns Was Eligible for Deferred Adjudication Because He Originally Pled "No Contest"*

Burns also argues that his original deferred adjudication was void, because he was not eligible for community supervision on a charge of aggravated kidnapping.

Generally, a defendant charged with aggravated kidnapping is not eligible for judge-ordered community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(D) (West Supp. 2014).  On the other hand, "the judge may, after receiving a plea of guilty or plea of nolo contendere, . . . defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision."  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014).  Here, by entering a plea of "no contest," Burns entered a plea of "nolo contendere," since no contest is merely the English translation of the Latin phrase.  *See Odom v. State*, 962 S.W.2d 117, 119 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Forcha v. State*, 894 S.W.2d 506, 510 (Tex. App.—Houston [1st Dist.] 1995, no pet.).  Burns was thus eligible for deferred adjudication community supervision, and his sentence was therefore valid.

We affirm the trial court's judgment.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 15, 2015
Date Decided:       May 22, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.