**Leslie Ann SIMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–042–CR.**

Court of Appeals of Texas,
Waco.

Feb. 7, 1991.

---

F.W. (Bill) Price, Simpson & Price, Copperas Cove, for appellant.

Phillip H. Zeigler, Crim. Dist. Atty., Gatesville, J. Kirk Brown, Sp. Asst. Atty. Gen., Huntsville, for appellee.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

VANCE, Justice.

Appellant plead guilty to the aggravated assault of a prison guard, but preserved for appeal her motion to dismiss appointed counsel. She alleges that her counsel, an employee of the Inmate Defense Counsel Program operated by the Texas Department of Criminal Justice under a legislative mandate, had an inherent conflict of interest. We will overrule the point and affirm.

In 1989, the legislature appropriated $300,000 for the defense of indigent prisoners being prosecuted for offenses committed while in prison. It directed that the legal and support staff hired under the program would be responsible to the board of the Department of Corrections, now the Department of Criminal Justice.

Appellant was in prison in Coryell County when the alleged offense occurred. The district court replaced her appointed counsel with Elizabeth Derieux, the staff director of the Inmate Defense Counsel Program, after being notified that all funding for the defense of indigent prisoners had been transferred to that program by the legislature. Appellant filed a motion to discharge Derieux on the grounds that a potential conflict of interest existed between Derieux's duty to Appellant as a lawyer and her duties to the Department of Criminal Justice as an employee. The district court held a hearing on Appellant's motion, at which Appellant was represented by another attorney.

Evidence at the hearing revealed that the board of Criminal Justice, pursuant to the legislative mandate, adopted an order directing that "the board be solely responsible for establishment of policy regarding the inmate defense function of the Inmate Legal Services Division." It further directed all attorneys engaged in this function "to provide a full and professional defense in any cases in which they are appointed." One board member, an attorney in private practice, was then designated to oversee the program for the board.

Derieux testified at the hearing that she was licensed to practice law in Texas, that she was the supervisor of the Inmate Defense Counsel Program and had courtroom responsibilities in addition to supervisory responsibilities, and that she was employed under a job description, but had no contract of employment. She reported to the member of the board of the Department of Criminal Justice designated to oversee that program, thereby bypassing the Director of the Institutional Division of the Department as well as the Department's Executive Director. Derieux said that the board had not interfered with her program and that she perceived no conflict of interest between her employment by the Department and her professional obligations to Appellant.

■ A "conflict free" representation is a right inherent in the assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States. *Ex Parte McCormick*, 645 S.W.2d 801, 802 (Tex.Crim.App.1983). Appellant must, however, demonstrate an actual conflict of interest which conceivably could impair counsel's effectiveness. *See Ex Parte Prejean*, 625 S.W.2d 731, 733 (Tex.Crim.App. 1981).

■ The implementation of the state-assumed obligation to provide legal services for indigent prisoners requires administration, including the employment of attorneys and support personnel, travel, office space, and other necessary activities incident to such a program. Some agency must, therefore, be designated to administer and oversee the program. Here, a potential for conflict of interest exists, as it does in all governmental indigent-defense programs. Under the current record, however, Appellant has not shown an "actual" conflict of interest. We are not willing to say that the plan mandated by the legislature creates such an inherent conflict as to disqualify the program's attorneys from representing inmate defendants. Adequate safeguards to assure independent representation of inmate defendants have been built into the structure of the program.

■ Attorneys working for the program are responsible to the courts appointing them, to the State Bar of Texas for observance of the Disciplinary Rules of Professional Conduct and to their clients for effective assistance of counsel. Should the attorneys perceive that an actual conflict is developing or has developed, either because of the structure of the program or in an individual case, they have an affirmative duty to so advise the appointing court, which may then inquire into the nature of the conflict. *Holloway v. Arkansas*, 435 U.S. 475, 485–88, 98 S.Ct. 1173, 1179–81, 55 L.Ed.2d 426 (1978); *White v. Reiter*, 640 S.W.2d 586, 597 (Tex.Crim.App.1982). Great deference should be accorded the representations of an attorney who feels a division of loyalty. *Id.* Where there is evidence of counsel's "struggle to serve two masters" that cannot be seriously doubted, *Glasser v. United States*, 315 U.S. 60, 70, 62 S.Ct. 457, 464, 86 L.Ed. 680 (1942), it follows that an accused's defense is "impaired." *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980).

Here, Appellant failed to demonstrate that an actual conflict of interest had manifested itself or in what way her counsel was ineffective. Indeed, she testified at the plea hearing that she was satisfied with Derieux's representation. Her point is overruled and the judgment is affirmed.

Affirmed.

CUMMINGS, J., not participating.