Donald Ray FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00076–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 25, 1992.

James M. Sims, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Julie Klibert, Candace Mosley, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a revocation of probation. Donald Ray Ford, appellant, pled guilty under a plea bargain agreement to a misdemeanor charge of driving while intoxicated in December 1987. Punishment was assessed at 180 days in the Harris County jail, probated for two years, and a fine of $350. On November 14, 1991, Ford pled true to the allegations in the motion to revoke probation that he (1) intentionally and knowingly possessed 28 grams of cocaine on June 12, 1991, (2) failed to report in person to the probation office for 21 consecutive months, and (3) failed to pay his fine. Ford was sentenced to 90 days in jail. We affirm.

In his sole point of error, Ford alleges his plea was not constitutionally valid, where the record fails to show that he entered his plea of no contest knowingly and intelligently.

Ford cites *Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App.1983), which held that a waiver of jury trial can never be presumed from a silent record. Ford urges this Court to extend *Samudio* for a more general proposition that on direct appeal the record must affirmatively show that constitutional rights were knowingly and intelligently waived. However, in this case the record is not silent.

■■■ Once the defendant agrees to the terms of the plea bargain agreement and signs the document, there is a heavy presumption of voluntariness, unless he can show otherwise. *Ex parte Williams,* 637 S.W.2d 943, 947 (Tex.Crim.App.1982); *Thornton v. State,* 734 S.W.2d 112, 113 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). In determining the voluntariness of a plea, the entire record must be considered. *Williams v. State,* 522 S.W.2d 483,

485 (Tex.Crim.App.1975). There is a presumption of regularity of the judgment and the proceedings absent a showing to the contrary, and the burden is on appellant to overcome this presumption. *Ex parte Wilson,* 716 S.W.2d 953, 956 (Tex.Crim.App. 1986).

■■ The record for appellate review consists of (1) a transcript, and where necessary to the appeal, (2) a statement of facts. Tex.R.App.P. 50(a). The record before this Court consists only of a transcript. The record shows appellant signed the form entitled "misdemeanor plea of guilty/nolo contendere," which sets out appellant's rights and the recommendation of the State. The form contained the following language:

> After consulting with [appellant] and informing [appellant] of the nature of the charges, all rights and consequences of the plea of guilty/nolo contendere, [appellant] waived arraignment and with the advice of counsel, decided not to contest this case. *The Court finds that [appellant] is competent and that the plea was entered only after [appellant] knowingly, intelligently, and voluntarily waived the right to a trial by jury and all other rights set out above.* The Court hereby accepts this plea which is (is not) the result of a plea bargaining agreement with the prosecuting attorney.

(Emphasis added.)

The form is signed not only by appellant, but also his attorney and the attorney representing the State. Furthermore, the judgment included in the record contains language that "[appellant] knowingly, intelligently, voluntarily and expressly waived a trial by jury, and in open court pleaded as indicated above to [driving while intoxicated]...." *See Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (courts will indulge every presumption in favor of the regularity of the documents in the trial courts); *Carr v. State,* 745 S.W.2d 51, 52 (Tex.App.—Houston [1st Dist.] 1987, no pet.). The record shows appellant knowingly and intelligently pled guilty to the offense.

We overrule appellant's sole point of error.

The judgment is affirmed.