O’CONNOR, Justice,
dissenting.
I dissent. The majority in this case holds the record supports a finding that the appellant’s plea was voluntary. I disagree. Therefore, I would reverse and remand.
Involuntary Plea
The appellant signed a six-page form before his plea hearing that contained waivers of his rights, that stated he understood the consequences of his plea, that he consulted with his trial attorney, and he entered his plea knowingly and voluntarily. The forms also show the appellant’s trial counsel and the trial court both verified the appellant entered his plea voluntarily and knowingly after having fully discussed the plea and its consequences with his attorney.
When a defendant complains his lawyer did not explain the waivers on the form for the plea of guilty, the defendant’s written attestation of voluntariness on the form itself should not impose any heavier burden on the appellant than is his already. If the statements on the form (which the defendant claims was not explained) state the lawyer did explain them, this Court could never review the issue on appeal. Thus, the language in the form cannot preclude review of whether the statements in the form were explained to the defendant. In determining the voluntariness of the plea, this Court must consider the entire record. Williams v. State, 522 S.W.2d 488, 485 (Tex.Crim.App. 1975); Ford v. State, 845 S.W.2d 315, 316 (Tex.App.—Houston [1st Dist.] 1992, no pet.).
The appellant contends his plea was involuntary because his trial attorney gave him false information that induced him to enter a guilty plea. The attorney for the appellant waived the appellant’s right to have a court reporter record the plea proceedings.[1] Therefore, the only evidence regarding the appellant’s claim consists of the written plea papers the appellant signed when he entered his plea and the testimony of the appellant and his trial attorney at the hearing on the appellant’s motion for new trial.
The trial lawyer testified he told the appellant some courts permit defendants to withdraw their plea after the announcement of punishment. The attorney did not explain why he would have had such a conversation with the appellant if it was not applicable to the appellant’s case. The trial counsel admitted the appellant thought he could withdraw his plea. He did not suggest the appellant concocted this story after the fact.
The form entitled “admonishment” is not the correct form for a defendant who pleads guilty without a recommendation. It is the form used when a defendant pleads guilty with a recommendation by the prosecutor. Thus, the references in the form regarding the plea bargain agreement, and whether the judge will follow it, and that the judge will permit the defendant to withdraw the plea, contain information that is inappropriate, and worse, confusing.
The appellant also contends he produced other evidence at the hearing that his plea was involuntary. The appellant testified his trial attorney did not explain the waivers, and rushed him into signing the six pages of forms and the two-page waiver of a conflict of interest.[2] The admonishment forms were silent whether the appellant had a right to withdraw a naked plea of guilty. The appellant concedes these forms did not state a defendant could withdraw a plea of guilty that, as in this case, was entered without an agreed recommendation from the prosecution.[3]
*954 The record contains evidence the appellant’s trial counsel did not adequately review the admonishments with him. The appellant testified his counsel was always in a hurry. On the day the appellant signed the papers to plead guilty, he was taken out of the holding cell and given ten minutes to talk to his lawyer and sign the papers. In ten minutes, the appellant signed the two-page waiver of a conflict of interest, and the six-page forms for the plea of guilty.[4]
The admonishment form contains 14 numbered paragraphs for the defendant to read, understand, and initial. Another form contains 16 numbered paragraphs for the defendant to read, understand, and sign. I would hold, based on this evidence, the appellant was misled, perhaps inadvertently, into believing he could withdraw his plea after sentencing. The problem was created by the trial lawyer’s failure to explain the terms of the waiver to the appellant and the confusion generated by the inappropriate forms used for the plea of guilty. Because the appellant misunderstood the nature of the plea, his plea was not voluntary.
I would sustain points of error one and three.
Ineffective Assistance of Counsel
In point of error two, the appellant contends he was denied effective assistance of counsel.
To show counsel was ineffective, the defendant must demonstrate his performance fell below an objective standard of reasonableness. Rodriguez v. State, 899 S.W.2d 658, 664 (Tex.Crim.App.1995); Garner v. State, 864 S.W.2d 92, 100 (Tex.App. — Houston [1st Dist.] 1993, pet. ref'd). For a defendant to successfully attack a guilty plea on grounds of ineffective assistance of counsel, the defendant must show the deficiencies rendered his plea involuntary and unknowing. Rodriguez 899 S.W.2d at 666. The burden of proving ineffectiveness of counsel rests upon the defendant by the preponderance of the evidence. Rodriguez 899 S.W.2d at 665; Marlow v. State, 886 S.W.2d 314, 316 (Tex.App.—Houston [1st Dist.] 1994, no pet.).
At the motion for new trial hearing, the trial attorney admitted he did not explain each of the waivers on the “admonishment” form to the appellant. The trial counsel testified:
I cannot tell you definitely that I discussed every single paragraph. I think that there may be an instance where I left the paperwork with him, went into the courtroom to take care of other matters and then came back into the area where the prisoners were and asked him if he had additional questions.
There is no evidence in this record that contradicts the trial counsel’s testimony he did not explain each paragraph to the appellant. Thus, the attorney admitted he did not explain the significance of the waivers to the appellant.
We should connect this lapse with the lawyer’s own testimony, that he told the appellant about courts that permit defendants to withdraw their plea after the announcement of punishment. It is easy to see how the appellant could have been misled. His attorney told him some courts permit the withdrawal of the plea after punishment, the forms the appellant signed discussed withdrawal of the plea of guilty, his lawyer told him the case only involved punishment and recommended he waive the trial, his lawyer did not explain the forms, and He had ten minutes to sign the six pages for the plea of guilty and two pages for the waiver of conflict of interests.
*955 I would hold the appellant proved by a preponderance of the evidence he did not receive effective assistance of counsel in entering his plea of guilty.
I would reverse the judgment of the trial court and remand the cause for further proceedings.

.There is no excuse for the trial attorney to waive the recording of the plea agreement. It does not cost anything for the court reporter to record the proceedings. The only reason a lawyer in a criminal trial might waive the record is to obscure the proceedings for later review.

. Zakes represented the wife on charges of failure to report child abuse.

. However, the forms did provide as follows: "if there is any plea bargaining agreement between the State and you, the Court will inform you whether it will follow such agreement before making any finding on your plea.” This admon *954 ishment was in compliance with article 26.13(a)(2) of the Code of Criminal Procedure. Tex.Code Ceim.Proc.Ann. art. 26.13(a)(2) (1989). However, it did not apply to this case because the appellant entered his plea without a plea bargain or an agreed recommendation from the prosecutor.

. The trial attorney’s testimony, while vague, did seem to contradict the appellant on this point. The attorney said he might have left the papers with the appellant. The attorney admitted he did not explain the papers to him.