NUMBERS 13-98-617-CR AND 13-98-618-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MARLON HARDEMAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 105th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez 

Opinion by Justice Yañez



 In Cause No.13-98-617-CR, Marlon Charles Hardeman appeals
from a judgment revoking his community supervision and sentencing
him to ten years imprisonment. He also appeals from a plea-bargained
conviction for unlawful possession of a controlled substance(1) in Cause
No. 13-98-618-CR. The State relied on the second conviction as a basis
for the revocation. In accordance with the plea agreement, Hardeman
was sentenced to ten years for the second offense, to be served
concurrently with the ten-year sentence imposed for the first offense. 
We affirm the judgments. 

 In two issues, Hardeman contends: (1) he received ineffective
assistance of counsel, which rendered his guilty plea in the second
offense and plea of "true" to the violation of a condition of his
community supervision involuntary; and (2) the trial court erred in
denying his motion to withdraw his pleas and motion for new trial
because he received ineffective assistance of counsel.

 Hardeman contends he was denied effective assistance of counsel
because his attorney was presented with a conflict of interest. The
illegal drugs supporting the second offense were found in an apartment
shared by Hardeman and his girlfriend. Hardeman hired an attorney to
represent both of them. His girlfriend was never indicted. Hardeman
contends his attorney led him to believe that if he "took the rap" for the
drugs, he likely would receive community supervision. He contends his
attorney coerced him into accepting the blame in order to exonerate his
girlfriend, which presented a conflict of interest, rendering his counsel's
assistance ineffective and his pleas involuntary. 


 Jurisdiction


 We begin by addressing our jurisdiction over Hardeman's appeal
in Cause No. 13-98-618-CR, the appeal from the plea of guilty. In this
case, Hardeman appeals from a plea bargain to a felony offense, and the
punishment assessed did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. Hardeman filed only a
general notice of appeal, and thus failed to comply with the specific
notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3). 
See Tex. R. App. P. 25.2(b)(3). Generally, when an appellant fails to
comply with these extra-notice requirements, the court of appeals lacks
jurisdiction. See Lowe v. State, 997 S.W.2d 670, 672 (Tex. App.--Dallas
1999, no pet.). However, a plea-bargaining defendant who has failed
to comply with the notice requirements of this rule can nevertheless
challenge the voluntariness of his plea. See, e.g., Marshall v. State, No.
13-99-153-CR, 2000 Tex. App. LEXIS 5427, at *6 (Tex. App.--Corpus
Christi August 10, 2000, no pet. h.) (designated for publication); Davis
v. State, 7 S.W.3d 695, 696 (Tex. App. Houston [1st Dist.] 1999, pet.
ref'd). Therefore, although we do not have jurisdiction to address
Hardeman's claims insofar as they concern ineffective assistance of
counsel, we do have jurisdiction over a claim of involuntariness of the
guilty plea. See Lowe, 997 S.W.2d at 672 (holding under general notice
of appeal, court has jurisdiction to address claims of involuntariness,
but no jurisdiction over claims of ineffective assistance). 

 In Cause No. 13-98-617-CR, Hardeman appeals the revocation of
his community supervision. The restrictions of rule 25.2(b)(3) do not
apply to an appeal of a revocation of community supervision. See
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998); Rojas v. 
State, 943 S.W.2d 507, 509 (Tex. App.--Dallas 1997, no pet.) (applying
former rule 40(b)(1), now rule 25.2(b)(3)). The restrictions of the rule
apply to a "plea bargained conviction." Tex. R. App. P. 25.2(b)(3); Rojas,
943 S.W.2d at 509. In a revocation of community supervision, the
"conviction" triggering rule 25.2(b)(3) occurred at an earlier point, when
the defendant was found guilty and granted community supervision. 
Rojas, 943 S.W.2d at 509. The restrictions of rule 25.2(b)(3) thus do
not apply to a community supervision revocation, regardless of the
existence of a second plea bargain agreement at that stage. Id. Rule
25.2(b)(3), therefore, does not deprive us of jurisdiction over
Hardeman's appeal in Cause No. 13-98-617-CR. 

 In the present case, Hardeman's appeal of the revocation of his
community supervision is limited to issues unrelated to his conviction,
i.e., that the trial court erred in denying his motion for new trial because
his plea of "true" at his revocation hearing was involuntary due to
ineffective assistance of counsel. Article 42.12, §23(b) provides that an
appellant may appeal matters relating to the revocation of his
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §23(b)
(Vernon Supp. 2000). Thus, Hardeman properly sought a general
appeal from the trial court's order revoking his community supervision. 
Id.; Feagin, 967 S.W.2d at 419. 

Applicable Law 


 "When a defendant challenges the voluntariness of a plea entered
upon the advice of counsel, contending that his counsel was ineffective,
'the voluntariness of the plea depends on (1) whether counsel's advice
was within the range of competence demanded of attorneys in criminal
cases and if not, (2) whether there is a reasonable probability that, but
for counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial.'" Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex. Crim. App. 1999)(quoting Ex parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997)). Hardeman contends that his attorney's
representation of two clients with adverse interests resulted in a conflict
of interest. "In order for a defendant to demonstrate a violation of his
right to the reasonably effective assistance of counsel based on a
conflict of interest, he must show (1) that defense counsel was actively
representing conflicting interests, and (2) that the conflict had an
adverse effect on specific instances of counsel's performance." Ex parte
Morrow, 952 S.W.2d at 538 (citing Cuyler v. Sullivan, 446 U.S. 335
(1980)). 

 Not all codefendants have conflicting interests, and there is
sometimes a tactical advantage to presenting a common defense. See
Raspberry v. State, 741 S.W.2d 191, 197 (Tex. App.--Fort Worth 1987,
pet. ref'd). However, ineffective assistance of counsel may result when
an attorney works under a conflict of interest. Monreal v. State, 947
S.W.2d 559, 564 (Tex. Crim. App. 1997) (citing Strickland v.
Washington, 466 U.S. 668, 686 (1984)). Where there is evidence that
counsel cannot serve both clients that cannot be seriously doubted, it
follows that an accused's defense is impaired. Simons v. State, 805
S.W.2d 519, 521 (Tex. App.--Waco 1991, no pet.) (citing Cuyler, 446
U.S. at 349).

 To prove an adverse effect, an appellant need not show that the
conflict changed the outcome of the trial. Ramirez v. State, 13 S.W.3d
482, 487 (Tex. App.--Corpus Christi 2000, pet. filed) (citing Perillo v.
Johnson, 79 F.3d 441, 448 (5th Cir. 1996)). Once it has been
established that an actual conflict exists, prejudice to the defendant
must be presumed. Maya v. State, 932 S.W.2d 633, 635 (Tex. App--Houston [14th Dist.] 1996, no pet.). To show adverse effect, an
appellant must demonstrate that some plausible defense strategy or
tactic might have been pursued but was not, because of the conflict of
interest. Ramirez, 13 S.W.3d at 487.

 The right to conflict-free counsel may be waived, but in order for
the waiver to be effective, the record must show that it was done
knowingly, intelligently, and voluntarily. Id. A trial court has a duty to
conduct a hearing once it has been alerted of a possible conflict of
interest to determine if there is an actual conflict of interest. Id. In the
present case, appellant first raised his claim of involuntariness based on
his counsel's conflict of interest in his motion for new trial. 

 At the hearing on his motion for new trial (at which Hardeman
was represented by a different attorney), Hardeman testified that his
former attorney also represented his girlfriend when she was arrested
following the search of their residence that turned up the drugs. He
testified that after his attorney told him that the State had a strong case
against her, his primary concern was that she not be convicted. He
also testified that his former attorney had pressured him to take
responsibility for the offense in order to exonerate his girlfriend. He
testified that he would have been better served by retaining separate
counsel, and that his former attorney led him to believe he probably
would receive community supervision instead of a prison sentence. He
testified that he and his girlfriend both claimed the defense that the
drugs did not belong to either of them. 

 Hardeman acknowledged at the new trial hearing that he had
testified earlier (at his revocation hearing), that he was pleading freely
and voluntarily. He further acknowledged that he had signed
documents making the same affirmation. In response to questions by
the prosecutor, Hardeman acknowledged that he had made the choice
to plead guilty. In response to additional questioning by his own
attorney, Hardeman again asserted that his former attorney had coerced
him into pleading guilty and "true." The judge then asked Hardeman
how his former attorney had forced him to plead guilty. Hardeman
responded as follows:

Hardeman: Well, he kept on--he was saying, when he was
back in the room, sir, he kept on saying a lot about, "We're
going to get you reinstated. Don't worry about anything,"
and all kinds of stuff. Then he come back and tell me, well,
all of a sudden, "No reinstatement here. You've got to cop
out for this ten," and stuff like that. I mean, I was confused. 
I wasn't even--I didn't understand him. I didn't understand
him. He said, "Just do it. Just do it. Go ahead and do it. 
Just cop out. Cop out for the ten. It will be better." That's
all I remember, sir. 


[Court:] And that's it?


Hardeman: That was it. 


 The trial court heard Hardeman's testimony that his pleas were
involuntary because of his attorney's alleged conflict of interest and at
the conclusion of the hearing, rejected the claims. Although Hardeman
was represented by new counsel, he offered no testimony by his former
attorney or other evidence in support of his claims. 

 A heavy presumption of voluntariness is established once a
defendant agrees to the terms of a plea bargain agreement and signs
the agreement. See Ex parte Williams, 637 S.W.2d 943, 947 (Tex.
Crim. App. 1982); Harling v. State, 899 S.W.2d 9, 13 (Tex. App.-San
Antonio 1995, pet. ref'd). In determining the voluntariness of a plea, the
entire record must be considered. See Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975); Ford v. State, 845 S.W.2d 315, 316
(Tex. App.-Houston [1st Dist.] 1992, no pet.). 

 Complaints of ineffective assistance of counsel must be supported
by the record. See Jackson v. State, 877 S.W.2d 768, 771-73 (Tex.
Crim. App. 1994) (Baird, concurring); Johnson v. State, 691 S.W.2d
619, 626-27 (Tex. Crim. App. 1984). At his revocation/plea hearing,
Hardeman told the trial judge no one had forced, coerced, or promised
him anything to get him to plead guilty against his will. When an
appellant has attested to the voluntary nature of his plea, a heavy
burden is placed on him to demonstrate later that his plea was
involuntary. Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.--Corpus
Christi 1994, pet. ref'd) (citations omitted). 

 Nothing in the record contradicts the presumption or otherwise
demonstrates that Hardeman's pleas were anything but voluntary. We
overrule Hardeman's issues and affirm the trial court's judgments in
Cause Nos.13-98-617-CR and 13-98-618-CR. 

 
 ____________________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.


1. See Tex. Health & Safety Code Ann. § 481.115(a)(d) (Vernon
Supp. 2000).