Service Merchandise Co. Inc. v. Misti Thorpe















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-223-CV

     SERVICE MERCHANDISE CO., INC.,
                                                                              Appellant
     v.

     MISTI THORPE,
                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 96-3927-3
                                                                                                                
   
MEMORANDUM OPINION
                                                                                                                
   
      On September 1, 2000, the appellant filed a letter requesting that the appeal be dismissed. 
We treated it as a voluntary motion to dismiss. See Tex. R. App. P. 42.1. 
      In relevant portion, Rule 42.1 of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys
and filed with the clerk; or
(2) in accordance with a motion of appellant to dismiss the appeal or affirm
the appealed judgment or order; but no party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1.
      The motion states that the parties have agreed to a settlement of their dispute. The
appellee has not responded to that motion. Therefore, under the authority of Rule 42.1, the
cause is dismissed. Costs are taxed against the party incurring them.
 
                                                                                     PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed October 11, 2000 
Do not publish



 the
defendant of (1) the range of punishment of the offense; (2) that the plea bargain
is not binding on the court; (3) that if punishment assessed exceeds the
agreement, defendant may withdraw this plea; (4) that if defendant is not a
citizen he may be deported.
                  (b) No plea of guilty shall be accepted by the court unless it appears that
the defendant is mentally competent and the plea is free and voluntary.
      The record reflects that the court orally admonished Appellant thoroughly as to all of the
above; and, further, that Appellant signed a judicial confession, waived a jury, and acknowledged
in writing, all of the above admonitions by the court; that his plea was made freely and
voluntarily; that he waived right to appeal if the plea bargain was followed by the court; that his
attorney had explained the waivers, agreements and admonitions to him; and that his plea was
made voluntarily, knowingly and intelligently and the statements in his judicial confession were
true.
      A voluntary plea is a plea made by "one fully aware of the direct consequences." Ex parte
Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984).
      Where the record shows, as here, that the trial court properly admonished the defendant, it
presents a prima facie showing that the guilty plea was knowing and voluntary. Soto v. State, 837
S.W.2d 401, 405 (Tex. App.—Dallas 1992, no pet.). The burden then shifts to the defendant to
show that he did not understand the consequences of his guilty plea. Ford v. State, 845 S.W.2d
315, 316 (Tex. App.—Houston [1st Dist.], no pet.). The entire record, including the written
stipulations and waivers, must be examined in determining the voluntariness of the plea. Decker
v. State, 570 S.W.2d 948, 950-51 (Tex. Crim. App. 1978). An affirmative showing requires
more than a defendant's unsupported subjective assertion that his plea was involuntary. Grays v.
State, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.).
      Here, the record shows Appellant was properly admonished by the trial court, both orally and
in writing, and there is no evidence that Appellant's plea was coerced or that he was unaware of
the consequences of his plea.
      Appellant claims his guilty plea was coerced because he pled guilty after a jury was selected. 
This assertion contradicts his testimony at the guilty-plea hearing and is unsupported by any
evidence in the record. The fact that he pled guilty after jury selection does not show that he was
misinformed or coerced.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 25, 1998
Do not publish