NUMBER 13-99-413-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JOE Z. HAMILTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 185th District Court of Harris County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1)


Opinion by Justice Yañez




 Appellant, Joe Z. Hamilton, pleaded guilty to the offense of
aggravated robbery(2) without an agreed recommendation of
punishment. The trial court found him guilty and sentenced him to
twenty years imprisonment. By two points of error, appellant contends:
(1) his plea was involuntary because he received ineffective assistance
of counsel; and (2) the trial court erred in failing to conduct a
competency hearing. We affirm.

Ineffective Assistance


 By his first point of error, appellant contends his plea of guilty was
involuntary because it was based on his counsel's erroneous advice. 
Specifically, he argues his counsel minimized the range of punishment
available for the offense and advised him he would probably receive a
sentence of approximately five years, similar to that imposed on his co-defendant. Appellant also contends his counsel was ineffective for
failing to raise the issue of his competency to enter a plea. 

 The court of criminal appeals has stated that:

When a defendant challenges the voluntariness of a plea
entered upon the advice of counsel, contending that his
counsel was ineffective, "the voluntariness of the plea
depends on (1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal
cases and if not, (2) whether there is a reasonable probability
that, but for counsel's errors, he would not have pleaded
guilty and would have insisted on going to trial." 


Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999)
(quoting Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App.
1997)); Kober v. State, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999). 
An appellant must prove ineffective assistance of counsel by a
preponderance of the evidence. Ex parte Morrow, 952 S.W.2d at 536. 
When analyzing the effective assistance of counsel, we begin with the
strong presumption that counsel was competent. See Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). We presume
counsel's actions and decisions were reasonably professional and were
motivated by sound trial strategy. See Jackson, 877 S.W.2d at 771. 
An appellant has the burden of rebutting this presumption by
presenting evidence illustrating why trial counsel did what he did. A
proper review of counsel's performance should focus on a record
specifically targeting the conduct of trial counsel. Id. at 772 (Baird, J.,
concurring). Such a record is best developed during a hearing on
application for writ of habeas corpus or motion for new trial. Id. 

 Once an accused attests that he understands the nature of his
plea and that it was voluntary, he has a heavy burden to prove on
appeal that his plea was involuntary. Edwards v. State, 921 S.W.2d
477, 479 (Tex. App.--Houston [1st Dist.] 1996, no pet.); see also
Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994,
no pet.); Jones v. State, 855 S.W.2d 82, 84 (Tex. App.--Houston [14th
Dist.] 1993, pet. ref'd). In determining the voluntariness of a plea, the
entire record must be considered. See Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975); Ford v. State, 845 S.W.2d 315, 316
(Tex. App.--Houston [1st Dist.] 1992, no pet.). 

 In support of his assertion that he was denied effective assistance
of counsel because counsel advised him he would probably receive a
sentence in the range of five years, appellant cites an affidavit submitted
by his trial counsel. The affidavit is attached to a document, filed June
14, 1999, entitled "Supplement to Defendant's Motion for New Trial." 
Appellant's sentence was imposed on April 15, 1999, and he then had
thirty days to file a motion for new trial. Tex. R. App. P. 21.4(b). 
Appellant timely filed a motion for new trial on May 17, 1999.(3) In his
motion, appellant asserted his plea was involuntary due to ineffective
assistance of counsel, but no evidence was presented in support of the
motion. On June 14, 1999, appellant filed a "supplement" to his
motion, with an affidavit submitted by his trial counsel attached. No
hearing was held on the motion and it was overruled by operation of
law. See Tex. R. App. P. 21.8(c).

 Rule 21.4 allows a defendant to file an amended motion for new
trial within thirty days after the date the trial court imposes or suspends
sentence in open court but before the court overrules any preceding
motion for new trial. See Tex. R. App. P. 21.4(b). Here, appellant's
amended motion was filed outside the thirty-day period and is therefore
untimely. See id. Even where an original motion for new trial is timely,
an untimely amended motion for new trial is a nullity and cannot form
the basis for points of error on appeal. Rangel v. State, 972 S.W.2d
827, 838 (Tex. App.--Corpus Christi 1998, pet. ref'd). We may not,
therefore, consider the affidavit attached to appellant's amended motion
for new trial. See id.

 In addition, rule 21.6 requires an accused to "present" his motion
to the trial court within specified time limits, which the trial court has
some discretion to extend. See Tex. R. App. P. 21.6; Carranza v. State,
960 S.W.2d 76, 77 (Tex. Crim. App. 1998) (construing former rule
31(c)(1), current version at Tex. R. App. P. 21.6). The defendant is
required to present the motion in order to put the trial court on actual
notice that he desires the trial court to take some action on the motion
for new trial, such as a ruling or a hearing on it. Carranza, 960 S.W.2d
at 79. Here, we find nothing in the record to indicate that appellant
brought the motion to the attention or actual notice of the trial court. 
Because appellant failed to present his motion for new trial, he has
waived his claim that his plea was involuntary due to ineffective
assistance of counsel. See Tex. R. App. P. 21.6; Carranza, 960 S.W.2d
at 79-80.

 Even if we were to consider appellant's claims of ineffective
assistance, we find them to be without merit. A guilty plea is a matter
of trial strategy. Enard v. State, 764 S.W.2d 574, 575 (Tex.
App.--Houston [14th Dist.] 1989, no pet.). A plea of guilty entered on
the advice of counsel is not rendered involuntary simply because a
defendant receives a greater sentence than expected. Id. 

 In addition, the failure of counsel to raise the issue of appellant's
competency does not constitute ineffective assistance. Generally, to
raise the issue of incompetency, there must be evidence of recent
severe mental illness or bizarre acts by the defendant or evidence of
moderate retardation. Guzman v. State, 923 S.W.2d 792, 797-98 (Tex.
App.--Corpus Christi 1994, no pet.). Here, the only evidence
purportedly raising an issue of appellant's competency is a brief
reference in appellant's pre-sentence report noting that according to his
juvenile records, appellant took the medication Zolox for severe
depression approximately three years earlier, in 1996. We hold this
evidence is insufficient to raise the issue of appellant's competency and
his counsel did not render ineffective assistance in failing to request a
competency hearing. We overrule appellant's first point of error.

Competency Hearing 


 In his second point, appellant contends the trial court erred in
failing to hold a hearing to determine his mental competency to enter a
plea. A person is legally incompetent to stand trial if he lacks either (1)
sufficient present ability to consult with his lawyer with a reasonable
degree of rational understanding or (2) a rational as well as factual
understanding of the proceedings against him. See Tex. Code Crim.
Proc. Ann. art. 46.02, § 1A (Vernon Supp. 2001); Moore v. State, 999
S.W.2d 385, 392 (Tex. Crim. App. 1999; Guzman v. State, 923 S.W.2d
792, 795 (Tex. App.--Corpus Christi 1996, no pet.). The code of
criminal procedure provides that under certain circumstances, a trial
court must conduct a preliminary hearing to determine if a separate jury
hearing on the defendant's competency should take place. See Tex.
Code Crim. Proc. Ann. art. 46.02, § 2 (Vernon 1979).(4) This preliminary
hearing is referred to as a "section 2 hearing." See Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). A section 2 hearing is
required only if the evidence brought to the judge's attention raises a
bona fide doubt in the judge's mind as to the defendant's competency
to stand trial. Moore, 999 S.W.2d at 393; Collier, 959 S.W.2d at 625. 
The trial court may rely upon personal observations, known facts,
evidence presented, motions, affidavits, or any reasonable claim or
credible source creating a bona fide doubt of the defendant's
competency to stand trial. Taylor v. State, 948 S.W.2d 827, 831 (Tex.
App.--San Antonio 1997, pet. ref'd); Thompson v. State, 915 S.W.2d
897, 902 (Tex. App.--Houston [1st Dist.] 1996, no pet.)(citing
Townsend v. State, 427 S.W.2d 55, 63 (Tex. Crim. App. 1968)). Each
instance must be examined on a case by case basis to determine if a
bona fide doubt is raised. Thompson, 915 S.W.2d at 902. (citing Mata
v. State, 632 S.W.2d 355, 359 (Tex. Crim. App. 1982)). In general, a
bona fide doubt is raised only if the evidence indicates recent severe
mental illness, at least moderate mental retardation, or bizarre acts by
the defendant. Moore, 999 S.W.2d at 395; Collier, 959 S.W.2d at 625;
Reed v. State, 14 S.W.3d 438, 441 (Tex. App.--Houston [14th Dist.]
2000, no pet.); Guzman, 923 S.W.2d at 796. Even where there is
evidence of prior hospitalization or depression, a trial court does not
abuse its discretion in finding a defendant competent without
conducting a competency hearing where there is no evidence of severe
mental illness or recent impairment. Moore, 999 S.W.2d at 395. If the
evidence is insufficient to raise a bona fide doubt, then the trial court is
not required to hold a section 2 hearing, much less submit the question
of the defendant's competency to a jury. See Collier, 959 S.W.2d at
625. The critical inquiry is whether the accused had the ability to
consult with his attorney with a reasonable degree of rational
understanding and had a rational as well as factual understanding of
the proceedings against him. Reed, 14 S.W.3d at 441; Thompson, 915
S.W.2d at 901-02. A trial court is within its power to find a defendant
competent without a section 2 hearing despite evidence of depression
or prior hospitalization when such evidence fails to adequately indicate
either severe mental illness or recent impairment. Moore, 999 S.W.2d
at 395. On appeal, our standard of review is whether the trial court
abused its discretion by failing to empanel a jury for the purpose of
conducting a competency hearing. Id. at 393. 

 The only evidence cited by appellant is the brief reference in his
pre-sentence report noting that, according to his juvenile records, he
took the medication Zolox for severe depression three years prior to his
plea hearing. Although the evidence relied on by appellant reveals
treatment for depression in the past, we conclude it does not constitute
evidence sufficient to raise a bona fide doubt about appellant's ability
at the time of his plea to consult with his lawyer and understand the
proceedings against him. See Moore, 999 S.W. 2d at 395 (evidence of
defendant's hospitalization for depression and treatment with
psychotropic medication more than three years prior to trial did not
warrant competency hearing); Thompson, 915 S.W.2d at 902
(depression and suicide attempts more than nine months prior to trial
did not amount to recent severe mental illness and did not trigger
section 2(b) hearing). The record reflects that appellant coherently
answered questions posed by the court at his plea hearing and that he
testified at length at his pre-sentence investigation hearing. Appellant's
testimony was coherent and consisted of rational responses. The judge
had ample opportunity to observe appellant and evaluate his demeanor
and testimony during the course of the hearing. In addition, counsel
made representations to the court as to appellant's competency. 

 The record before us is unclear as to the severity and duration of
appellant's depression and treatment. Although we would encourage
trial courts, in similar circumstances, to inquire about such matters, we
cannot say, in applying the above standards to the facts of this case,
that the trial court abused its discretion in failing to conduct, sua
sponte, a hearing to determine appellant's competency to stand trial. 
We overrule appellant's second point of error.



 The judgment of the trial court is AFFIRMED.


 
 

 LINDA REYNA YAÑEZ

 Justice





Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

22nd day of March, 2001.




1. Retired Chief Justice Robert Seerden assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN.§ 74.003 (Vernon 1998).
2. See Tex. Pen. Code Ann. § 29.03 (Vernon 1994).
3. Because the end of the thirty-day period fell on a Saturday, the deadline was
extended until Monday, May 17, 1999. See Tex. R. App. P. 4.1(a).
4. The code of criminal procedure provides: 

 
Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall
be determined in advance of the trial on the merits if the court
determines there is evidence to support a finding of incompetency to
stand trial on its own motion or on written motion by the defendant or
his counsel filed prior to the date set for trial on the merits asserting that
the defendant is incompetent to stand trial. 
(b) If during the trial evidence of the defendant's incompetency is
brought to the attention of the court from any source, the court must
conduct a hearing out of the presence of the jury to determine whether
or not there is evidence to support a finding of incompetency to stand
trial. 

 
See Tex. Code Crim. Proc. Ann. art. 46.02, § 2 (Vernon 1979).