Opinion issued March 31, 2005.












 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01066-CR
   __________
 
TRELLIS MOSES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 961899
 

 
 
MEMORANDUM OPINION
          Without an agreed recommendation, appellant, Trellis Moses, pleaded guilty
to aggravated assault with a deadly weapon. The trial court sentenced appellant to
10 years in prison. In his sole point of error, appellant contends that the trial court
failed to determine whether appellant’s guilty plea was voluntary. We affirm. 
Background
          Appellant was originally indicted for the felony offense of attempted capital
murder of Houston Police Department Officer C. Massey. The attempted capital
murder case was dismissed, and appellant was re-indicted in the same case for the
felony offense of aggravated assault with a deadly weapon. Appellant pleaded guilty
to the charge of aggravated assault with a deadly weapon. He waived his right to trial
by jury, his right to have witnesses testify in that trial, and his right against self-incrimination. The trial court sentenced appellant to 10 years in prison and granted
him the right to appeal.
Voluntariness of Plea
          In his sole point of error, appellant contends that the trial court failed to
determine that his guilty plea was truly voluntary and also failed to “produce a
complete record relevant to the voluntariness determination at the time of the plea.”Standard of Review 
          The voluntariness of a guilty plea is determined by the totality of the
circumstances. Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Lee
v. State, 39 S.W.3d 373, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Once
an accused attests that he understands the nature of his plea and that it was voluntary,
he has a heavy burden to prove on appeal that his plea was involuntary. Edwards v.
State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). When
the record shows that the defendant received an admonishment on punishment, it is
a prima facie showing that the plea was knowing and voluntary. Ex parte Williams,
704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Forcha v. State, 894 S.W.2d 506, 509
(Tex. App.—Houston [1st Dist.] 1995, no pet.). The burden then shifts to the
defendant to show that he entered his plea without understanding the consequences. 
Forcha, 894 S.W.2d at 509.
          Before accepting a guilty plea, the trial judge must admonish the defendant of
the range of punishment, as well as the plea’s potential affect on the defendant’s
citizenship. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). However,
there is no requirement that the judge orally inquire about the voluntariness of a plea
after the defendant and trial counsel have signed written admonishments, statements,
or waivers, and the judge has established that the defendant has read and understood
them. Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). The Court of Criminal Appeals states that the admonishments under Texas
Code of Criminal Procedure article 26.13(a) are not constitutionally required because
their purpose and function is to assist the trial judge in making the determination that
a guilty plea is knowingly and voluntarily entered. Aguirre-Mata v. State, 992
S.W.2d 495, 499 (Tex. Crim. App. 1999).
Determination of the Voluntariness of the Plea
          A determination of voluntariness considers the entire record. Ford v. State,
845 S.W.2d 315 (Tex. App.—Houston [1st Dist.] 1992, no pet.). Here, the record
reflects that the admonishments given to appellant contained the following language:
Joined by my counsel, I state that I understand the foregoing
admonishments and I am aware of the consequences of my plea. I am
mentally competent to stand trial and my plea is freely and voluntarily
made. . . . Joined by my counsel, I waive and give up my right to a jury
in this case and my right to require the appearance, confrontation and
cross examination of the witnesses. I consent to oral and written
stipulations or evidence in this case. I have read the indictment and I
committed each and every element alleged.

(Emphasis added.)
          Appellant argues that, because the trial court failed to admonish him
concerning the range of punishment, his plea was not voluntary and his due process
rights were violated. Appellant bases this contention on the fact that his initials
appear next to each admonishment except the one addressing the range of
punishment. There is a check mark next to the paragraph, but appellant did not initial
the paragraph. 
          The appellate record reflects that appellant expressly acknowledged that his
plea was given freely and voluntarily by initialing the section of the admonishments
that indicated that the plea was entered into freely and voluntarily, and he also signed
the document, as did the attorneys and the presiding judge. Additionally, the record
indicates that appellant expressly admitted that his plea was not the result of a
promise, threat, or coercion. The record shows that appellant made his guilty plea
knowingly and voluntarily. 
          Appellant also argues that, based on the prima facie standard in Forcha, he
should prevail. 894 S.W.2d at 509. We disagree. In Forcha, we held that, where the
record shows that the defendant received an admonishment on punishment, it is a
prima facie showing that the plea was voluntary, and the burden then shifts to the
defendant to show that he entered his plea without understanding the consequences.
Id. Here, the clerk’s record contains two indications that appellant was aware of the
range of punishment: 1) the paragraph containing the range of punishment for a
second degree felony was checked and bracketed and 2) appellant’s signature appears
at the end of the document. This constitutes a prima facie showing that appellant was
admonished regarding the range of punishment, so the burden shifted to appellant to
show his lack of understanding of the consequences. Considering the totality of the
circumstances, appellant has not met his heavy burden of proving that his plea was
involuntary. See Griffin, 703 S.W.2d at 196; Edwards, 921 S.W.2d at 479.
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.

 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).